## HOYT, FORD & ROBINSON *vs.* MURPHY.

1. In assumpsit, some of the plaintiff's claims having been excluded from the jury under the charge of the court, plaintiff moved for a new trial; whereupon it was ordered " that a new trial be granted, unless the defendants enter into an agreement of record, that upon any future settlement in chancery, or bill filed for an account between said parties, or any transaction between said defendants and H. & F., the said defendants will not plead the verdict and judgment in said cause, or use the same in any manner to bar the claim of said plaintiffs or said H. & F. for an account and settlement in relation to" said excluded claims, " all of which were included in the account produced and read to the jury by the plaintiffs on the trial; and thereupon came said defendants by attorney, and covenant and agree to the above terms imposed by the court, and it is thereupon considered by the court that the said motion for a new trial be overruled : *Held*, that the effect of this order and agreement was to exempt the excluded claims from the effect of the judgment, and that plaintiffs might use them as a set-off in an action at law subsequently brought against them by defendant.

2. When one partner takes a bond from his co-partner on the dissolution of the partnership, conditioned that the obligor shall pay all the debts of the firm, and the latter afterwards brings a suit at law, the obligee is an incompetent witness for the defendant to prove that a debt offered as a set-off " was due from said firm at the time of its dissolution, and that it was acknowledged to be due; also to prove the amount of the debt, and what it was for."

Hoyt, Ford & Robinson v. Murphy.

APPEAL from the Circuit Court of Mobile.
Tried before the Hon. JOHN A. CUTHBERT.

THIS was an action of ASSUMPSIT by Murphy against Hoyt, Ford & Robinson, to recover upon an account for goods sold, moneys advanced, &c.

The defendants below admitted the account sued on, but pleaded, by way of set-off, that the plaintiff was indebted to them in a larger amount, which they offered to have extinguished to the extent of the plaintiff's demand.

The demands sought to be set-off consisted of payments made by the firm of Hoyt, Ford & Robinson for Murphy & Brack.

It appeared that Hoyt, Ford & Robinson had previously instituted suit against Murphy & Brack, on the same claims now offered to be set-off with other demands, in the Montgomery County Court, and had recovered a judgment in said County Court for about the sum of the demands embraced in the suit exclusive of these now offered as a set-off ; and these claims having been excluded by the jury under the charge of the court, the plaintiffs in that action moved for a new trial. Thereupon the following agreement was entered of record in the cause :

" On the application of the plaintiff's attorney for a new trial in this cause, it is ordered that a new trial be granted, unless defendants enter into an agreement of record, that upon any future settlement in chancery, or bill filed for an account between said parties, or between the owners of the steamboat Formosa, or any transaction between said defendants and Waite S. Hoyt and Clinton Ford, the said defendants will not plead the verdict and judgment in said cause, or use the same in any manner to bar the claim of said plaintiff or Waite S. Hoyt and Clinton Ford, for an account and settlement in relation to a draft," &c., (here follows a description of the claims now urged as valid sets-off,) "all of which were included in the account produced and read to the jury by the plaintiffs on the trial ; and thereupon came said defendants by attorney, and covenant and agree to the above terms imposed by the court, and it is thereupon considered by the court that the said motion for a new trial be overruled."

Upon the trial in this case, the plaintiff, Murphy, insisted that the former judgment in the County Court of Montgomery was

a bar, while the defendants contended that their sets-off should not be affected by that judgment by reason of the foregoing agreement, and they asked the court to charge the jury, "that the true construction and legal effect of the agreement and condition made in refusing a new trial in Montgomery, would relieve the defendants from said bar." This the court refused, and charged "that by the construction of said order and its legal effect, the claim might be opened in a court of chancery, but that it did not apply to a court of law, and would not avoid the bar in a suit at law." This charge was excepted to by the defendants.

The defendants having proved the partnership between Murphy & Brack, and that they had dissolved, and that Brack had taken a bond from Murphy conditioned that Murphy should pay all the debts of the firm of Murphy & Brack, offered Brack as a witness, not generally, but to prove that the debts were due to the defendants by the firm of Murphy & Brack; but the court excluded Brack, and the defendants excepted.

These matters which, among other things not necessary to be stated, appear by a bill of exceptions, constitute the subject matter for revision in this court.

GEO. N. STEWART, for appellants :

1. The decision of the court in the first case was erroneous, because Hoyt, Ford & Robinson were not even alleged to be partners in the transaction. They had paid money for account of all the partners, at the special request of Murphy & Brack, and were entitled to recover of them on that demand, at law, for money paid for them and at their request, although even Hoyt & Ford might have been partners.

2. That the grant of a new trial, " unless " &c., was an admission that the instruction or the finding of the jury was wrong, and the condition was intended to leave the claim open to be recovered in any proper action in which it might be recoverable.

3. It was admitted that the claim was a just one to be recovered in a proper form of action. Its merits not being questioned or denied, it cannot be barred in any action proper for its recovery.

4. The true object of the agreement was, that the claim should

not be barred, and it should be so construed. Hoyt, Ford & Robinson have no claim which they could assert in a court of chancery; their demand is legal, and they are expressly named in the agreement to be protected. To say that they may only use it in a court of equity, where they can never go, would make the agreement nugatory, and put a construction on it which the court never intended.

5. If Brack was not competent to prove the whole case, and particularly the partnership and its dissolution and Murphy's obligation to pay the firm debts, he was certainly competent, these facts being proved to the satisfaction of the court by evidence *aliunde*, to prove the debt against Murphy. On this point there is no conflict of authority, though there is as to his competency to prove the fact of partnership.—Collyer on Partnership; 20 Ala. 296; 13 S. & M.; 10 Missouri 578.

6. The former verdict was no bar, because it was on matter of abatement; it was not on the merits, and does not stand in full force.—21 Pick. 253; 4 *ib.* 230; 6 Durn. & E. 275, 608; 4 *ib.* 80, 147; 47 Law Library 105, 129; 21 *ib.* 95; 1 Chitty's Pleading 198, 477; 10 Peters 298; 6 Wend. 288; 2 Marsh. 306, 354.

CHANDLER & SMITH, *contra:*

1. Brack was an incompetent witness, and was so held by this court in 18 Ala. 316.—See also 17 Ala. 62. The effect of his testimony was, to make another man pay his debts.

2. But if there was error in ruling him incompetent, it was error without injury, as the bill of exceptions shows that the facts which he was offered to prove were not only established by the testimony of other witnesses, but were not disputed, and the case was decided upon another point.—21 Ala. 38; 19 *ib.* 63; 8 *ib.* 736, 522, 963; 4 *ib.* 230; 7 *ib.* 162.

3. Was the former recovery, in the case of Hoyt, Ford & Robinson v. Murphy & Brack, conclusive in this case? That judgment was given in evidence under the general issue; the claim relied on by the defendants in this case went to the jury in that case, and was passed on by the court. Whether the jury allowed or rejected the claim, that judgment is conclusive on the parties until reversed. If the court was wrong in its charge on the former trial, the defendants had an opportunity to

correct the error.—3 Phil. Ev. 804, note 558; 6 Gill & J.
346, 355; 2 Wash. 65; 3 Cowen 120; 4 *ib.* 559.

Again; a judgment of a court having jurisdiction is not only
final and conclusive as to the matter actually determined, but
as to every other matter which the parties might litigate in the
cause.—3 Phil. Ev. 828 to 831; 1 Johns. Cas. 436, 501. In
all cases, where the judgment is rendered on the merits, it is
a bar to another action between the same parties. The test of
conclusiveness is, was the judgment upon the merits.—Phil. Ev.
835; 1 Mason 515, 519.

The agreement was properly construed by the court below.
It is confined to a "future settlement in chancery, or bill filed
for an account between the parties, or between the owners of
the steamboat Formosa, or any transaction between Murphy
and Hoyt & Ford." In such proceedings, for the adjustment
of partnership transactions, Murphy bound himself not to plead
the verdict and judgment in said cause, or use the same in any
manner to bar the claim of the said Hoyt, Ford & Robinson or
Hoyt & Ford, for an account and settlement," &c. If the
judgment was to be no protection at all to Murphy, either in
law or equity, why should he have acceded to the terms imposed
by the court? What advantage would he have derived? The
object in making the agreement is manifest: the charge of the
court was correct, and no exception was taken to it; the verdict
was also correct, for the evidence showed that it was a partner-
ship debt, and unsettled; but plaintiffs were apprehensive that,
if they went into chancery, this judgment would be pleaded
against them there, and they therefore asked a new trial. If a
new trial had been granted unconditionally, the partnership
items would have been omitted on the next trial, and a bill
would have been filed before the trial to settle the partnership
claims. The court then accommodated the plaintiffs by con-
fining the use of the judgment to an action at law, and pre-
venting its use in any chancery proceeding. That matters once
investigated in a court of law cannot be heard in chancery, is
a principle well settled.—1 Dana 435; 3 Phil. Ev. 829, note
588; 17 S. & R. 325; 1 Johns. Cas. 436.

CHILTON, C. J.—The object of the agreement required
to be entered into by the judge of the County Court of Mont-

gomery County was, to exempt the claims now insisted on from the influence of the verdict and judgment rendered in that case. The plaintiffs in that court had sued upon them, and the jury, under the ruling of the judge, had rejected them; and, but for the agreement, it was supposed that this judgment would constitute an effectual bar to their subsequent recovery.

It is true, the court seemed to be of opinion that the claims so rejected under the decision could only be recoverable in equity; but it was not the object to deny to the parties the right of recovery upon them, should it turn out the court was mistaken. Indeed, there was stronger reason for reserving this right to them in that event, as this erroneous decision had most probably prevented a recovery in the County Court.

We think it may well admit of question, whether the letter of the agreement does not exempt these claims, when asserted in any proper forum, from the influence of the former judgment. It is not to be used as a bar "in any future settlement in chancery, or bill filed for an account between said parties, or between the owners of the steamboat Formosa, or any transaction between said defendants and W. S. Hoyt and Clinton Ford, or used or pleaded in any manner to bar the claim of said plaintiffs or Waite S. Hoyt and Clinton Ford, for an account and settlement in relation to said claims," &c. If the bar was to be effectual every where else except in chancery, then a large portion of the agreement is redundant and unmeaning.

But conceding that the construction which we place upon it is not in strict accordance with the letter, we feel satisfied that it conforms to the intent and spirit of the order. We cannot suppose that the court intended to trifle with the rights of the plaintiffs; on the contrary, the fact that such an order was made, was a concession on the part of the court that the parties plaintiff had rights which would be injuriously affected by the judgment as it then stood, and it was for their protection that the order was made. Now, to place upon it such construction as would make the court virtually say to the plaintiffs, ' True, you have rights which I am disposed to protect from the influence of this judgment, and it shall not be pleaded or used as a bar in any manner against you, provided you assert the claims in a court of equity, *which has no jurisdiction to afford you relief ;* but as to all other courts which *may take cognizance of*

such demands, this judgment shall remain an effectual bar,' would be to make the court the minister of palpable injustice, and to render the order nugatory and worthless. It is, however, our duty to give the order such construction as will make it avail, and as will effect the obvious design of the judge who required it to be made, and such as will not place him in the odious position of tantalizing the plaintiffs by an admission and yet a denial of their rights, a position which we are sure cannot with any propriety be assigned him.

But, it is asked, what motives could Murphy & Brack have had in consenting to the terms of the order thus understood? They may have had very substantial reasons for preferring the conditions imposed by the court to opening the judgment for a new trial. Other matters besides these now in litigation were concluded by that judgment, and these would have been re-opened. Be this, however, as it may, it is certain they gained time by acceding to the order, and this may have constituted a sufficient inducement.

2. We think the witness Brack was an incompetent witness. The party offering him concedes that he (the witness) is bound for the demands, and the object was to prove that Murphy was bound with him; in other words, that the debt claimed " was due from the firm of Murphy & Brack at the time of the dissolution of that firm, and that it was acknowledged to be due; also to prove the amount of the debt, and what it was for."

If Brack was bound for it, he was interested directly in proving it to be a partnership demand; for, in that event, he not only made Murphy liable also, but, by virtue of the agreement between him and Murphy, by which the latter bound himself to pay all the partnership debts, Murphy would have to pay the whole, and thus the demand would be extinguished as to Brack. We see nothing in the facts of the case as now presented which takes it, upon this point, without the influence of the previous decision of it in 18 Ala. R. 320; see also Aston v. Jemison, 17 Ala. R. 62, and cases there cited.

Let the judgment be reversed, and the cause remanded.