SCRUGGS, Retired Circuit Judge.
This appeal concerns questions of res ju-dicata. We shall refer to the 1979 case as Case 1 and to the 1980 case as Case 2.

Case 1

Mr. Bogatin (plaintiff) sued Mr. Grubbs (defendant) doing business as Seacove Seafood Restaurant on open account, account stated and for linen supplies rented and delivered to the defendant. In his answer, the defendant, among other defenses, charged that the account sued upon was a debt of Restaurant Management, Inc., an Alabama corporation, doing business as Seacove Seafood Restaurant. The plaintiff added Restaurant Management, Inc. as a party defendant and requested the production of certain tax returns, documents and statements from both defendants, who moved for, and were granted, a protective order limiting the scope of discovery as to some of the materials sought on the probable ground that the excluded documents were pertinent only after judgment. The plaintiff moved the court to add Beckon Drive-Inn, Inc. as a defendant, one of the averments in the motion being that Restaurant Management, Inc. and Beckon “are mere shells for the convenience and protection of Defendant Bobby D. Grubbs.” That motion was overruled.
No pretrial order was made; however, just before the trial the following occurred:
MR. ROBERTS: Judge, it is my understanding that we are here today to try the issue of whether or not Bobby D. Grubbs owes this money to Alabama Laundries & Linen, or whether or not Restaurant Management, Inc., owes the money to our plaintiff. Our contention here today will be limited simply to those two issues and not whether or not Bobby D. Grubbs will be liable under some theory that he is responsible for the debts of the corporation, Restaurant Management, Inc. We will not be trying that issue here today, either expressly or by implied consent.
MR. MARTINSON: Judge, I really don’t know what he is talking about, but, as I understand it, Alabama Laundries & Linen is suing Bobby D. Grubbs, doing business as Seacove Seafood Restaurant and also another defendant called Restaurant Management, Inc., a corporation.
THE COURT: Right.
MR. MARTINSON: If we try the lawsuit and win it on behalf of Bobby D. Grubbs, then I wouldn’t expect to defend any more lawsuits on the same claim.
THE COURT: I am going to try the lawsuit that is before me, which is Boga--tin, d/b/a Alabama Laundries & Linen vs. Bobby D. Grubbs d/b/a Seacove Seafood Restaurant and Restaurant Management, Inc., on the matter of whether or not there is any money owed on an account. I believe it is, and also whether or not there are any attorneys’ fees due, .and any interest, or anything else due, and that’s what I am trying today.
MR. ROBERTS: The alter ego theory.
THE COURT: That is not an issue in this case.
MR. ROBERTS: Yes, sir, that’s my understanding, Judge.
After the non-jury trial, judgment was rendered by the court against Restaurant Management, Inc. for $1,121.43. It was further ordered “that the issues be found in favor of the defendant Bobby D. Grubbs individually and doing business as Seacove Seafood Restaurant.”
No appeal was taken in Case 1.

Case 2

Mr. Bogatin (plaintiff) brought the present action seeking to recover the primary sum of $1,121.43 from Bobby D. Grubbs (defendant). The complaint alleged that the defendant is Restaurant Management, Inc.’s major and dominating stockholder and officer, that Restaurant Management, Inc. was organized by the defendant as his alter ego for the purpose of *1211 operating Seacove Restaurant, that Restaurant Management, Inc. has never had any genuine or separate corporate existence, but was used and existed for the sole purpose of permitting the defendant to transact a portion of his individual business under a corporate guise. The complaint further stated:
On or before the 18th day of January, 1980, the plaintiff rented and delivered to the defendant, Bobby D. Grubbs, acting through his alter ego, Restaurant Management, Inc., certain towels and linen to be used in the restaurant known as Sea-cove Seafood Restaurant, and that by reason of said lease, the defendant, Bobby D. Grubbs, and the alter ego, Restaurant Management, Inc., became indebted to the plaintiff for a sum certain. On the 18th day of January, 1980, the plaintiff was awarded a judgment against the defendant, Restaurant Management, Inc., in the amount of One Thousand One Hundred Twenty One and 43/100 ($1,121.43) Dollars together with the costs of that action in Civil Action Number CV79-582B.
The plaintiff also claimed that the defendant had made certain false representations to the plaintiff concerning the proprietorship of Seacove Seafood Restaurant.
In addition to general denials, the defendant’s answer contended that Case 1 and the judgment entered therein was a complete bar to Case 2. The defendant also filed his motion for a summary judgment based upon the pleadings, his answer and the judgment entry in Case 1. In opposition to the motion for a summary judgment, the plaintiff offered the above quoted colloquy from the Case 1 trial together with an affidavit that no evidence was offered in Case 1 as to the plaintiff’s alter ego contention. The trial court entered a two-page learned judgment granting the defendant’s motion for a summary judgment and dismissed Case 2.
(1)
The plaintiff appealed and filed an excellent brief in this court. He first contends that the motion for a summary judgment should not have been granted because of the following exception to the res judicata rule as is stated in § 67 of The Restatement of the Law of Judgments:
Where in an action the court holds that the plaintiff cannot enforce a particular claim in that action on the ground that he can enforce it only in a separate action, the judgment does not preclude the plaintiff from enforcing the claim in another action, although in the second action it appears that the holding of the court in the first action was erroneous.
While the Alabama cases have not utilized language approaching that of the Restatement, similar results have been reached in ancient cases. Haas v. Taylor, 80 Ala. 459, 2 So. 633 (1887); Hoyt v. Murphy, 23 Ala. 456 (1853); Martin v. Chapman, 1 Ala. 278 (1840). However, it is not essential for us to determine whether the Restatement rule is the law of this state since such rule would have no application in the instant case. The trial court in Case 1 did not decide that the alter ego matter could be enforced only in a separate action. The plaintiff’s complaint did not raise the alter ego question as an issue in Case 1. In the quoted comments of the attorneys and of the court which occurred immediately before the trial, it apparently was the plaintiff who did not desire that the alter ego theory be then tried. The defendant expressly opposed more than one trial. The trial court, in stating the trial issues, substantially summarized the plaintiff’s contentions set forth in his Case 1 complaint. The judge’s statement was correct when he stated, “That is not an issue in this case.” We construe that as a determination that the alter ego theory was no issue since it was not pleaded. That was not a decision that the plaintiff could sue the defendant as the alter ego of the Restaurant Management, Inc. only in a separate action.
(2)
The plaintiff next contends that the causes of action were different between the two cases.
The late eminent scholar of the law, Justice Bloodworth, in Wheeler v. First Ala *1212 bama Bank of Birmingham, 364 So.2d 1190, 1199 (Ala.1978) succinctly summarized the definition of res judicata as follows:
The elements of res judicata are as follows: (1) prior judgment rendered by court of competent jurisdiction; (2) prior judgment rendered on the merits; (3) parties to both suits substantially identical; and (4) same cause of action present in both suits. Stevenson v. International Paper Co., 516 F.2d 103 (5th Cir. 1975). If these elements are present, then the former judgment is an absolute bar to any subsequent suit on the same cause of action, including any issue which was or could have been litigated in the prior action. McGruder v. B & L Construction Co., 331 So.2d 257 (Ala.1976).
This decision hinges upon whether the alter ego question could have been litigated in the prior action, for, if so, res judicata is a bar to the present action. Ozley v. Guthrie, 372 So.2d 860 (Ala.1979); McGruder v. B & L Construction Co., 331 So.2d 257 (Ala.1976). “It is of no importance that the plaintiff set up all of his rights upon which his cause of action could have been maintained; it is sufficient that it might have been litigated in the first suit. (Citations omitted).” Fife v. Pioneer Lumber Co., 237 Ala. 92, 185 So. 759 (1939). The plaintiff could have asserted the alter ego claim in Case 1 against this same defendant. Rule 18(a), ARCP. All that was required was an amendment of his complaint to such effect. Rule 15(a), ARCP. There is no doubt that the plaintiff’s alter ego contention against the defendant was subject to being litigated in Case 1 in view of our present liberal rule governing joinder of claims. The judgment entered in the first case, therefore, was res judicata and a bar to Case 2. The trial court correctly granted the defendant’s motion for a summary judgment.
We affirm.
The foregoing opinion was prepared by retired circuit judge Edward N. Scruggs while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975. His opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.