DAVIS v. M'CONNELL.

1. An agreement to perform an award, is upon the same footing with all other agreements, and where violated, it must be proceeded upon by regular action.

2. And where a party agrees, that an award thall be entered the judgment of the court, yet the summary remedy of a judgment upon motion, cannot be given against him.

Writ of error, from the Circuit court of Monroe county.— It appears, from the record, that while this suit was pending, in the court below, the parties agreed to submit all matters of difference between them, to arbitration ; that, Davis, the defendant below, entered into a bond, to M'Connel, in the penalty of ten thousand dollars, by which he bound himself to perform the award, which the arbitrators should make. The condition of the bond concludes as follows : "And it is here stipulated, by the said Henry Davis, that the award and umpirage above contemplated, shall be entered the judgment of the Circuit court of Monroe county, at its ensuing session."— And, accordingly, at the October Term, 1828, of said Court, the following entry was made : "It appearing, to the satisfaction of the court now here, that the said Henry Davis, heretofore, to wit, on the sixth day of October, 1828, executed his certain bond to the said William M'Connell, conditioned, that the said Henry Davis should stand to, abide by, observe, perform, fully, and keep the award, order, arbitrament, and final determination, of William C. Coolidge, Lee Slaughter, and Charles O. Foster, of, and concerning all manner of action and actions, cause, and causes of action, suits, bills, bonds, pro-

mises, and all controversies, whatever, at any time, heretofore JAN'Y 1831
had, made, or moved between the said William M'Connell
and Henry Davis ; said award to be delivered to the said par-    Davis
ties on or before the 15th day of October, 1828: and, further,    v.
that the said award or umpirage, be entered the judgment of ——— M'Connell
this court, at this present term ; and, it further appearing to
the satisfaction of the court, that the said William C. Coolidge,
Lee Slaughter and Charles O. Foster, did, on the 13th Octo-
ber, 1828, present and deliver their award, in all things con-
forming to the condition of said bond, whereby they award-
ed that the said William M'Connell was justly entitled to re-
ceive, from said Henry Davis, the sum of $2,563 58 ;" for
which sum the Circuit court gave judgment.   Several matters
were assigned as error, but the court only noticed one ; which
was that it did not appear that there was an order, either of
a court or a judge, submitting the matters in controversy to
the arbitrators.

BAGBY, for the plaintiff in error, relied on 1 Bacon, 139,
141, 203, 211, 261–2 ; Croke Charles, 263 ; Raymond, 123,
206, 761; Modern Reports, 12; 1 Salkald, 71–2 ; Law of Ar-
bitrators, 119; Alabama Digest, 9, 10; 12 Wheaton's Reports.

DELLET, for defendant in error.

By JUDGE TAYLOR.   The question occurs, was the
judgment of the Circuit court authorised by law; for I under-
stand the assignment of error, that there was no order, sub-
mitting the matters in controversy to the arbitrators, as bring-
ing this question before us, for our decision.
   It cannot be pretended, that this award was made, under eith-
er the statute of 1819, or that of 1824, which prescribe the
manner in which submissions of differences between parties,
either before or after suit brought, shall be made to arbitrators.
These are the only statutes we have on the subject: Therefore
it is a common law award, and the judgment rendered on it,
must be tested by common law rules.   At common law, awards
stand the same light with other agreements.   When fairly and
properly made, they are considered as agreements between the
parties to them, which will be enforced in a court of law.—
But they must be enforced by regular suit, and the party, in
whose favor an award is made, cannot bring it into court, and
have it made the judgment of the court ; but must sue out his
writ, file his declaration and proceed, as in other cases.   The

JAN'Y 1831

Davis
v.
M'Connell

only authority for the judgment in this case, is that part of the condition of the bond executed by Davis, by which he agrees that the award, when made, shall be entered as the judgment of the court. What do we understand by this agreement? My understanding of it, is, that Davis binds himself to confess a judgment, for the amount which may be awarded against him. The only construction which can be given to the bond, other than this, is, that it is a power of attorney, authorising a judgment to be confessed by another person, or persons, for Davis. But in whom is this power vested?— Is it in the arbitrators? It does not appear that they so considered it, for they have not exercised any such power. But the instrument executed by Davis, bears no resemblance to a power of attorney; it is a bond, with conditions, and if those conditions have been violated the obligee must proceed against the obligor, as in all other cases in which a party violates his contract—by regular action. It is true, in this case he may elect to proceed upon the bond or award, but, although Davis may have violated his contract, by which he agreed the award should be made the judgment of the court, the summary remedy of a judgment upon motion, cannot be given against him. He may have defences to make, when sued, and the Circuit court was not authorised, in this way, to preclude him from doing so.

Suppose A. was to give a bond to B., payable six months after date, for a thousand dollars, with a condition, that if not paid, B. should be entitled to judgment upon producing the bond at the first term of the Circuit court, which should be held after its maturity—would the court be authorised, by law, to give judgment, upon the production of the bond, according to this condition? I think not. If a decision of this kind were made, we should soon see such conditions appended to all the instruments for the payment of money executed in the State, and the courts of Chancery would be resorted to by every person, who had, or believed he had a defence.

The judgment is reversed.

JUDGE CRENSHAW dissenting.