Lamar, et ux. *vs.* Nicholson, et al.

LAMAR, et ux. VS NICHOLSON, et al.

1. This court will not look into the transcripts of cases, appended to a writ of error, taken upon the judgment of a court, on the award of arbitrators,—it not appearing from the agreement of submission, that the particular cases were referred to the award of the arbitrators.

2. Where there is not the agency of a Court of record, or its clerk, or where no written statement, as prescribed by statute, is drawn up previous to a submission to arbitrators, of cases pending in court,—no judgment can be rendered on the award, when made, on motion merely.

3. An award, if good at common law, may, it seems, be made the basis of an action by a party injured, *against the one who* declines a compliance.

4. But an award, where the submission has been made pursuant to statute, is a warrant for the judgment of a court, quite as much so as the verdict of a jury, and must be followed strictly by the judgment, both as regards its amount and the parties charged; therefore,

5. Judgment cannot be rendered against the wife of one of the parties to a submission, who was not subjected by the award to the payment of any sum either separately, or in connection with her husband, though she may have been a party to the cases docketed, and so intended, probably, to be included in the submission.

On a writ of error to the Circuit court of De Kalb county.

'The writ of error was taken in this case, upon the judgment of the Circuit court, affirming that of the County court, upon an award, made by arbitrators.— The record contained transcripts showing, that previous

Lamar, et ux. *vs.* Nicholson, et al.

to the award, there were pending in the County court, three several cases, entitled William R. Nicholson, David Gage, and Nelson Harlen, against James Lamar, et ux, for malicious prosecution. Following the titles of these cases, recited in the record, there was the following entry :

The parties to the several actions agreed in writing, to submit the claims made by said plaintiffs against defendants, to the determination of certain two arbitrators mentioned, with a privilege granted to the arbitrators, of selecting a third person in case of disagreement; the report of whom, or a major part of whom, being made as soon as might be, to any court of record of said county,—judgment thereon to be final : and if either of the parties should neglect to appear before the referees, after notice had been given, of the time and place appointed by the referees for hearing the parties in the actions, which notice the referees were to be judges of,—they should have power to proceed *ex parte.* All the parties appeared before an acting justice of the peace, for the county, and acknowledged the instrument above mentioned to be their free act.

Then followed the award, in the words following— " William R. Nicholson *versus* James Lamar and Sally Lamar—David Gage *versus* the same—Nelson Harlen *versus* the same. We, the undersigned arbitrators, appointed by the parties in the above cases, having had the matter under due and deliberate consideration, present the following as our award—

" 1. That James Lamar shall make an acknowledgement that he prosecuted the above persons improperly.

Lamar et ux, *vs.* Nicholson, et al.

"2. That he shall pay all the costs in the aforesaid ca-
ses, and also the sum of four hundred dollars as dama-
ges—In testimony whereof, we have hereunto set our
hands and seals, this sixteenth day of August, eighteen
hundred and thirty-six." Signed and sealed by the arbi-
trators.

Upon this áward, the County court rendered a judg-
ment against "the defendants," for four hundred dollars,
and costs. The defendants then took a writ of error to
the Circuit court, and assigned that—

1. The husband and wife were improperly joined in
the action, as the record alleged the tort to have been
committed by them jointly;

2. The court erred in entering up judgment on the
award of the arbitrators, it being for an aggregate of
damages, in three separate and several suits, by different
plaintiffs, and in rendering judgment against husband
and wife jointly;

3. The record did not shew how the matter was sub-
mitted to arbitrators;

4. It did not shew that the arbitrators were sworn;

5. That costs for slander was entered in each case,
whereas it cannot lie against two persons.

In the Circuit court, the judgment was affirmed, and
from this judgment, there was a writ of error sued out
to the Supreme court.

It was here said—

1. There was error in affirming the judgment of the
County court, in rendering judgment against husband
and wife, the wife being improperly joined, as the record
alleged the tort to have been committed by them jointly;

Lamar, et ux. *vs.* Nicholson, et al.

2. The court erred in rendering judgment on the award of the arbitrators in favor of separate plaintiffs, in their separate actions jointly, and for costs separately ;

3. In rendering judgment on the award against husband and wife, when the award was against the husband alone ;

4. In rendering judgment at all, because the record did not shew how the matters were submitted to arbitration ;

5. Because the award was so uncertain, that no judgment could be rendered on it ;

6. The record did not shew that the arbitrators were sworn, nor did it shew how the matters were submitted ;

7. The award did not follow the submission ;

8. Nor did the judgment follow the award.

*Brown,* for the plaintiffs in error. The only important questions in the case were, whether the submission to the arbitrators, was drawn up in pursuance of either of the statutes applicable to the subject : whether the terms of the submission had been kept in view by the arbitrators, and whether the judgment was in strict accordance with the award. These questions, he was satisfied, must, upon an inspection of the record, be answered in the negative,—and if so, the case was at an end. The judgment below must be reversed. To shew that the judgment was void, for want of an order of submission, and because there was no evidence to shew what the subject matter referred to the arbitrators was, he cited Davis vs McConnel, (3 Stew. 492;) Sherron vs

7 P. 21

Wood, (5 Halsted, 7;) 4 Amer. Dig. 36; Eaton vs Arnold, (9 Mass. R. 519.) The submission on the part of the wife was void—Eastman vs Burleigh, (N. Hamp. R. 484;) 4 Bibb, 475. One award could not be made where there were several separate and distinct actions—5 Amer. Dig. 30; Craig vs Craig, (4 Halsted, 198.) The award did not dispose of the several cases, and was therefore not final—Vosburgh vs Bame, (14 John. R. 308.) The award was a nullity, because it did not appear that the arbitrators were sworn—1 Halsted, 388; 4 Amer. Dig. 41; Lile vs Barnett, (2 Bibb, 167.)

*Baylor*, for the defendants, thought the plaintiffs were compelled to rely upon the errors assigned in the Circuit court. The matters alleged as in error in the first assignment, could only be taken advantage of by plea in the County court, to wit, the joinder of husband and wife for malicious prosecution and slander—1 Chitty, 76, and the authorities there referred to in a note. There were two causes of error embraced in the third assignment, the last of which was virtually contained in the first assignment; and as to the other, it was apparent from the record in the County court, that although separate suits were necessarily commenced by each of the plaintiffs, yet they grew out of the same transaction, and each of the parties were arrested for the same supposed offences. If they were willing to submit their common and several injuries to the same arbitrators, and were content with a joint award and judgment thereon, it certainly could not be matter of just complaint by the plaintiffs in error.

Lamar, et ux. *vs.* Nicholson, et al.

There was another point of view in which the case might be considered. Would the submission to arbitrators by the plaintiffs below, and the award founded thereon, be a bar to the prosecution of their several actions; and if so, should its operation affect the rights of the parties, *mutatis mutandis,* and be alike obligatory upon both plaintiffs and defendants? The record did not shew that the arbitrators were *not* sworn, and the court would intend every thing warranted by the record to sustain judgment rendered on an award—Tankersley vs Richardson, (2 Stew. R. 130.) The court might and would presume that the County court was satisfied that the award was made by the arbitrators under oath, of which fact, oral testimony must have been adduced, or the County court would not have proceeded to render judgment. At all events, the proper time to have taken advantage of that irregularity, supposing it to have intervened, was at the time the judgment was rendered—Aik. Dig. 32, 34. The court below had jurisdiction even if the causes had not been transferred from St. Clair to De Kalb counties—Aik. Dig. 33.

Touching the sixth assignment of errors, that costs in slander could not be awarded against two defendants. It was true, that an action of slander could not be maintained against two defendants, but in malicious prosecution, could not one prosecute and another aid and abet? The objection was, however, embodied substantially in the first assignment. Arbitrators might also, under submission, dispose of costs, although not submitted—14 Johns. R. 161; Goodwin vs Yarborough, (1 Stew. R. 152.)

After parties had gone to trial upon the general issue,

Lamar, et ux. *vs.* Nicholson, et al.

without availing themselves of defects which might have been reached either by general demurrer, or by motion in arrest of judgment, the court would not allow them to avail themselves of such defects upon a writ of error—Barlow vs Todd, (3 Johns. R. 367;) 1 Chit. 76;—on joint actions for malicious prosecution. Award could not be set aside, because illegal matters were alleged as its grounds, and the court would intend every thing the record would warrant to sustain the judgment, even though no declaration were filed. Matter to reverse a judgment, even if apparent upon the face of the record, would not be available, if the objection were not taken previous to judgment—Aik. Dig. 266.

COLLIER, C. J.—This cause came to *this court by* writ of error from the Circuit court of De Kalb. The clerk of that court certiffed with this case, the transcripts of the records of three several actions at the suit of the defendants in error, against the plaintiffs, for malicious prosecutions. Pending these actions, the parties, without any notice being taken of them, entered into a joint submission of "the claims made" by the defendants against the plaintiffs, to two arbitrators of their own choice, who, in the event of their disagreement, were authorised to choose an umpire, "the report of whom, or the major part of whom, being made as soon as may be, to any Court of record of said county, judgment thereon to be final," &c. The agreement was acknowledged before a justice of the peace, and the arbitrators being unable to agree, an umpire was chosen, and an award signed by the arbitrators and umpire. The award, after

Lamar, et ux. *vs.* Nicholson, et al.

directing the plaintiff, James Lamar, to make suitable acknowledgments to the defendants for the outrage upon their feelings, directs "that he shall pay all costs in the aforesaid cases, and also the sum of four hundred dollars, as damages." The County court of De Kalb rendered a judgment for the sum awarded in favor of the defendants against the plaintiffs, which judgment, on writ of error, was affirmed by the Circuit court.

Whatever may have been the intention of the parties, or what they in fact did, the record furnishes nothing to inform us that the suits then pending for malicious prosecutions, were actually submitted to arbitration. "The claims made" by the defendants against the plaintiffs, are stated to be, the matters on which the arbitrators were to decide; but the nature of these claims no where appears. The titles of three cases are written immediately preceding the award, and by the award itself, James Lamar is directed to pay the costs of them; yet we cannot know any thing of these cases, as they are not particularly characterised in any part of the record which properly belongs to the case before us. And we are not authorised to look into the records of the actions attached to the writ of error, for the reason already stated, that they are not recited in the agreement of submission. All the assignments of error, then, having reference to those suits, must be disregarded.

The reference to arbitration certainly does not conform to the acts of eighteen hundred and nineteen, eighteen hundred and twenty, or eighteen hundred and twenty-four,—the two former of which requires the agency of a Court of record, or its clerk, as a preliminary step. The

latter declares, that it shall be lawful, where persons have a dispute which they are desirous to adjust, to make out a particular statement thereof, under their hands, in writing, &c.   The justice of the peace is then to draw up an agreement for the signature of the parties, which, when signed, they are to acknowledge before him.   Here no written statement, as prescribed by this statute, was drawn up previous to the agreement of the parties, and upon the authority of Davis vs McConnell, (3 Stew. R. 492,) no judgment could have been rendered upon the award on motion merely; but if good at common law, it might be made the basis of an action. But this objection not being taken in the Circuit court, cannot be made available here, where we are only reviewing the correctness of the judgment of that court.

It was clearly irregular to render judgment against the wife, when she was not subjected by the award to the payment of any sum, either separately or in connection with her husband.   An award, where the submission has been made pursuant to statute, is a warrant for the judgment of the court, quite as much so, as the verdict of a jury would be; and like the latter, must be followed by the judgment, both as it regards the amount and the parties charged.   The other errors assigned, either do not arise upon the record, or are disproved by it. The objection last noticed was the only error presented to the view of the Circuit court, and in disregarding it, that court erred.   Its judgment is therefore reversed, and the cause remanded to the Circuit court, that the judgment of the County court may be there reversed.