# MARTIN v. CHAPMAN.

1. Where a new trial is granted to the defendant, unless the plaintiff remits all the damages assessed by the jury, except three hundred dollars, the Court stating on the record, that "all over that sum is considered to have been assessed, for the corn mentioned in the declaration. If the plaintiff remits, it is understood that no part of his remaining damages is for the corn sued for." And the plaintiff does, in pursuance of the order, remit all the damages except three hundred dollars, he may afterwards maintain an action, for the value of the corn thus remitted.

2. The statute of this State relating to awards, does not affect the right of submitting to award, as regulated by the common law; but merely gives to awards thus made, an effect which they had not at common law.

3. A verbal submission to abide by the award of arbitrators, is valid; and an award made pursuant thereto, will be binding, if the authority is not revoked before the award is made.

Error to Perry Circuit Court.

THE defendant in error brought an action of *trover*, in the Circuit Court of Perry, against the plaintiff, for the conversion of a quantity of corn in a crib, and for five stacks of fodder.

The case was submitted to the jury, on issues made up on the pleas of *"not guilty,"* and *"former recovery."*

On the trial, the presiding Judge, sealed a bill of exception, in which the following facts appear, viz: the plaintiff in error offered in evidence, under the plea of "former recovery," a record of the proceedings and judgment in an action of *assumpsit*, theretofore brought and determined, in the Circuit Court of Perry, wherein he was defendant, and the defendant in error was plaintiff. From that record, it appeared, that the defendant in error declared for, and recovered, on account of certain corn, fodder, and cotton, promised to be paid him by the plaintiff in error, in consideration of his services as overseer, for the year 1834. The plaintiff proposed to prove, that the corn, on account of which, the recovery was had, was the identical corn, the

conversion of which was charged, in the present action. To the admission of all which, the defendant objected; on the ground, that at the term, when the action of *assumpsit* was tried and determined, the plaintiff in error, moved the Court for a new trial; on the ground, among others, that the verdict of the jury was contrary to law and evidence. The court ordered that a new trial be granted, unless the plaintiff (now defendant in error) remit all his damages but three hundred dollars; stating upon the record that all over that sum is considered to have been assessed, for the corn mentioned in the declaration. If the plaintiff remits, it is understood, that no part of his remaining damages is for the corn sued for. In pursuance of this order, as shown by the record, the defendant in error did remit all the damages recovered, except three hundred dollars, and that the damages remitted were on account of the corn. The objection of the defendant in error, to the introduction of the evidence offered, was sustained by the court, because of the terms of the order on the application for a new trial, and the *remittitur*, thereunder entered.

In the course of the trial, a witness introduced on the part of the defendant in error, proved that, previous to the commencement of this suit, he and another person had been selected as arbitrators, to settle certain differences between the parties, in relation to corn, cotton and fodder, agreed to be given by the plaintiff in error to the defendant, for his services as an overseer, in the year 1834; with liberty to choose an umpire, in the event of their disagreement; that the submission was verbal, and that the witness, and the other person first selected, proceeded to arbitrate the matters of difference, but could not agree; whereupon, Allen Craig, was selected by them, as an umpire; who, in conjunction with the arbitrators, made a verbal award, and decided that the plaintiff in error, should pay to the defendant, the sum of eighteen dollars *per month*, in full for his services, during the time he was plaintiff's overseer, in the year 1834; and this sum was to be paid, in lieu of the corn, cotton, and fodder, which their agreement contemplated.

The witness further stated, that the arbitrators were not sworn, and no witnesses were introduced: that they went on the plantation of the plaintiff in error, and examined, in the presence of the parties, the corn, cotton and fodder, that had been made thereon. That after the submission, and while the arbitrators were engaged settling the matters submitted to them, and before any award was made, the defendant in error told them, that he would not be satified, unless he got what he was to have, by the terms of the written agreement. The witness further states, that the parties, in making the submission, agreed to be bound in the same manner, as if the arbitrators were sworn: And also, that the corn, which was in part, the subject of the arbitration, was the same, for which a recovery was sought in this case.

The court charged the jury, that an award made by order of court, or by submission in writing, would be binding on the parties; but an award, under a verbal submission, was not obligatory upon the parties, unless afterwards assented to: That in this case, supposing the facts stated by the witness to be true, they should be regarded only, as an attempt to compromise, and that having failed to effect it, to the mutual satisfaction of the parties, the plaintiff below, was not bound, unless his subsequent assent was shown: To all which, the plaintiff in error excepted, and a verdict and judgment being rendered against him, he prosecutes a writ of error to this court: and here, the decisions and opinions of the Circuit Court, as shown by the bill of exceptions, are assigned for error.

ERWIN, for the plaintiff in error.
GRAHAM, contra.

ORMOND, J.—On the application of the defendant below, in a previous suit between the parties to this suit, the court ordered a new trial to be granted, unless the plaintiff in that case, who was also the plaintiff below, in this, would enter a *remittitur*, as to a part of his recovery in that action. The order of the court was to this effect: "That unless the plaintiff (now de-

Martin v. Chapman.

fendant in error) remit all his damages but three hundred dollars, let a new trial be granted; which is done on the ground, that all over that amount is considered to have been assessed for the corn mentioned in the declaration. If the plaintiff remits, it is understood that no part of his remaining damages is for the corn mentioned in the declaration."

Pursuant to this order of the court, the plaintiff remitted all his damages but three hundred dollars; and the question is, whether the *remittitur* so entered, will preclude the plaintiff below from maintaining this action, which is brought for the value of the corn.

It is a settled rule of law, that no one shall be permitted to litigate the same matter twice. If the question be submitted to a jury, no matter how insufficient the evidence may have been to maintain the issue, no action can afterwards be brought for the same demand. The question in such cases always is, whether the matter in controversy was a part of the plaintiff's demand in the former suit, and submitted to a jury. (Brockway v. Kinney; 2 Johns. Rep. 210: Seddon v. Tutpot; 6 Term. Rep. 607.)

This case, however, differs from the common question of a former recovery. Here, there is no doubt that the matters controverted in this suit, were submitted to the jury, who tried the former suit between the same parties: but the order of the court, directing a new trial to be granted, unless the plaintiff remitted all the damages which the jury rendered for the present cause of action, certainly places this question in an entirely new aspect.

The reason of the rule, above stated, fails entirely in such a case as the present; for surely, the *remittitur* entered, by direction of the court, is entitled to the same weight, as the voluntary entry of a *nolle prosequi*, before a verdict.

It may be said, that the *remittitur* was the voluntary act of the party making it; but we consider, that, in effect, it was done at the instance of the defendant, in the first case. By his application for a new trial, he impliedly, in advance, consented to such terms, as the court should impose. The court direct a

36

new trial to be granted, unless the plaintiff remits that portion of the recovery, of which [we must presume, the defendant had complained. It is added, by the court, "if the plaintiff remits, it is understood that no part of his remaining damages, is for the corn mentioned in the plaintiff's declaration."

To permit the plaintiff in error now to say, that there has been a former trial of this cause, would be doing the greatest injustice; and as no authority has been produced, sanctioning such a principle as the one now contended for, we are constrained to think, that the law is correctly laid down by the Circuit Court, that under the circumstances, the *remittitur* forms no bar to this action.

But in deciding, that there could not be a verbal submission to arbitration, of a matter not in litigation, the court erred.

It is probable that the court, in its judgment, was influenced by our statute relating to awards: (Aik. Dig. 31.) A submission to award, at common law, may be either by "word or deed," (Bacon's Ab., title, Abitrament and Award,) and we are very clear, that it was not the intention of the Legislature, in the act referred to, to abolish, or in any manner to interfere with awards at common law. The manifest object of the Legislature, was to encourage the settlement of controversies, in this cheap and friendly mode, by giving an effect to an award made in the mode pointed out by the statute, which it would not have at common law; but no conceivable reason can be assigned, why the Legislature, should have deprived the citizen of his right, to settle a controversy by arbitration, in the mode known to the common law.

The charge of the court, therefore, "that a *verbal* submission to abide by the award of arbitrators, was not binding, unless assented to, after the award was made," was wrong. The charge should have been, that, if the jury believed, from the evidence, that there was a submission entered into by the parties, to abide the award of arbitrators, touching the matter in controversy, in this suit, the award made, pursuant to such submission, there being no revocation of the authority previous to the making of

Martin v. Chapman.

the award, was binding on the parties thereto, although such submission was *not in writing*, but merely verbal.

It is true, that an award may be impeached for matters *dehors* the submission; such, for example, as gross misconduct in the arbitrators; fraud; want of notice of the time of making the award, &c. No question of that kind appears to have been raised upon this award, in the court below.

For this error, the judgment must be reversed and the cause remanded for further proceedings, in conformity with this opinion.

COLLIER, C. J. *dissentiente*—1. It is not necessary, in order to perfect the bar to a second action, that the plaintiff should actually have recovered what was sought by the first ; or that a judgment recovered in the first, should have been satisfied. If it appears from the declaration, that the subject of the second action could have been adjusted by the first, and that the same proof might have been, and was adduced, the bar is complete. A recovery in a former action, apparently for the same cause, is only *prima facie* evidence that, the matters litigated in the subsequent action, have been tried; but is not conclusive. Thus in Seddon v. Tutpot, (6 T. R. 607,) which was an action of *assumpsit* for goods sold, there was a plea of former recovery, and a replication that the promise in the last suit was not the same promise, for the non-performance of which, a sum of money was recovered in the former action. Upon the trial it appeared that the former suit was upon a promissory note, and *for goods sold;* and upon the execution of the writ of inquiry, the plaintiff not being prepared with proof, as to the goods sold, took an inquisition for the amount of the note only, and brought a new suit for the goods sold. Upon these facts the court of King's Bench ruled that the former recovery was no bar.

In Brockway v. Kinney (2 Johns. Rep. 210,) the plaintiff declared for work and labor in burning three hundred bushels of lime. The defendant pleaded *non assumpsit*, and gave notice that he should prove, that the plaintiff had before sued him for the same matter, and had recovered. On the trial, it was proved

that the plaintiff had, in a former action, declared on a promissory note, and also for the same work and labor, and that the jury, after hearing the allegations and proofs of the parties, found a verdict for the plaintiff, to the amount of the note. One of the jurors in the former cause, then testified that the jury found a verdict on the note, and had nothing to do with the lime. The jury in the subsequent suit, having found a verdict for the plaintiff, it was insisted on error, that there had been a former recovery for the same cause. *The court held*, that the plea was substantially of a former trial for the same cause, and was a good bar; for the plaintiff declared each time for the same cause of action. It was not shown, that the plaintiff abandoned the charge for buring the lime, before or at the trial. That charge, of course, went to the jury on the first trial, and took its chance with them. If they did not allow it, for want of sufficient proof, or for any other cause, it was the plaintiff's misfortune. The verdict must be considered as conclusive between the same parties, in regard to the same matter ; otherwise it would, in effect, be permitting one jury, to review the decision of another. If the plaintiff, at the first trial, had not chosen to hazard a verdict, he should have entered a *nolle prosequi* on that charge, or consented to a non-suit.

In the case at bar, the defendant in error, in the former suit, submitted to the jury the several matters embraced in his declaration, and obtained their verdict for the same cause, for which the present action is brought. Upon motion for a new trial, on the ground that the verdict was contrary to law and evidence, the court ordered that a new trial be granted, unless the defendant in error remit all his damages but three hundred dollars ; —the court considering the excess to have been assessed for the corn mentioned in the declaration, and stating that if he remitted, that no part of the damages should be understood to be given for the corn. It is possible that the court, in thus framing the order awarding a new trial, intended to prevent the verdict from operating as a bar to a subsequent action for the corn, the defendant in error having failed to sustain that part of his demand.

But was it competent for the court thus to interfere with the finding of the jury? By what *data* could it be ascertained that the jury did not find their verdict upon what they thought sufficient evidence in regard to the corn, excluding in their estimate of damages, the other items of the demand in the declaration? If they did, and such an inference is sustained by possibilities, is it not obvious, that the defendant in error, by failing to enter a *nolle prosequi* before trial, as to the corn, received a verdict in the former suit, which he must otherwise have lost. The jury returned a general verdict, without expressing what sum they assessed for each item of the demand; and it cannot be admitted that the court should, on an application for a new trial, have done this, so as to prejudice the rights of either party. But the order of the court has that effect, if it be operative; for the right of the plaintiff to avail himself of the trial, as a bar, became perfect, as soon as the jury returned their verdict, and could not be destroyed without his consent, by any subsequent order of the court, short of setting aside the verdict entirely.

It was competent, as we have seen, for the defendant to have entered a *nolle prosequi*, as to a part of his demand, before trial: but it was not allowable after having proceeded to trial, and obtained a verdict, then to enter a *remittitur* as to a part, and bring another action. There was nothing obligatory in the order of the court; the defendant had his option, either to remit, or submit his case to another jury: by adopting the former part of the alternative, he consented to waive a trial, and in my judgment the former trial and verdict operates a complete bar to the present action.

By adopting a different form of action, a party cannot avoid the effect of a former trial. The true test (as it was ruled in Kitchen v. Campbell, 3 Wils. Rep. 304.) by which it may be determined whether a former verdict and judgment is a bar, is, whether the same evidence, will support both actions. It seems not to have been contended in the circuit court, that a recovery could not have been had for the corn, in the action of *assumpsit* —the court placing the rejection of the evidence, on the ground alone, that after the former trial, a new trial was awarded, unless

the defendant in error would remit all damages on account of the corn, and the entry of the *remittitur* showing that those damages had not been paid to him.

It is not intended to intimate, that a conditional order for a new trial is not regular, as there can be no doubt of its regularity if assented to.   I only desire to be understood as saying, that the order made in the former suit, cannot impair the defence set up in the present case.

There can be no doubt, the pleas interposed by the plaintiff in error, will admit the defence on which he relies.   In *assumpsit* and trespass on the case, as usually understood, proof of a former trial, or a former trial and recovery, is clearly admissible, under the general issue of *non assumpsit*, or *not guilty*.   And that such proof may be given under the *general issue* in *trover*, seems necessarily to follow from analogy—but this point need not be determined, as there is a special plea in the record, adapted to the proof.

2. In respect to the right of parties, to adjust their difference by a verbal submission to arbitration, independent of our statutes upon the subject, I concur in the views expressed by *my brother Ormond*.   And I will merely add, that the question, whether the submission was withdrawn previous to the award of the arbitrators, addressed itself to the jury, and should have been determined by them under the direction of the court.