# Anderson v. Miller.

## *Action on an Award.*

1. *Arbitration; terms of submission; rights of parties; award power of arbitrators.*—When a matter is submitted to arbitration the parties have a right to limit the terms of submission as to what matters are embraced therein, extent and duration of authority conferred, and the time and manner in which the award shall be made, and the mode in which it shall be announced, and the stipulations in the submission are binding alike on the arbitrators and the parties.

2. *Same*—When a submission provides that the award shall be made in writing and a copy thereof delivered to each of the parties by a specified date, the failure to deliver a copy of the award by the date set forth is fatal to the validity of the award if objected to on that ground; nor is this fault waived because the objector was verbally informed that the award had been made, and its effect, and asked further time to adduce evidence.

3. *Same; delivery of award.*—Until its delivery, an award is under the control of the arbitrators, and subject to alteration at their discretion; and when the terms of submission prescribe the mode in which the decision shall be evidenced, a substantial compliance with the terms required is essential to a valid award.

APPEAL from the Circuit Court of Covington.

Tried before the Hon. J. R. TYSON.

Action by R. H. Miller against B. L. Anderson on an award. The complaint is as follows: "The plaintiff claims of the defendant the sum of two hundred and ninety-six and 82-100 dollars, due by an award made by certain arbitrators, to-wit, J. W. Frater, J. I. Dixon, S. J. Foschee, on the 6th day of February, 1892, which said submission referred to said arbitrators matters in dispute between said plaintiff and defendant. Plaintiff claims interest on said award." The defendant interposed pleas: (1) The general issue. (2) No award. (3) Partiality and fraud of the arbitrators in making said award, to the prejudice of the defendant. (4) A palpable mistake of fact, in computation, apparent in the face of the award, which if corrected would show that the plaintiff was indebted to the defendant in the sum of, to-wit, $1,003.17, after allowing plaintiff all claims

[Anderson v. Miller.]

and off-sets. (5) That said award is not complete and final. (6) That said award does not conform to the submission under which it was made. (7) That said award was not made and delivered in accordance with the terms of said submission. (8) That the plaintiff has not paid any portion of the amount claimed by Cullam, referred to in said award, and the said Cullam is still prosecuting his claim therefor." Issue was joined upon these pleas. The plaintiff was introduced as a witness in his own behalf, and testified that he and defendant made a written submission of certain matters to arbitration, and that the arbitrators made an award in writing thereon. An award was then handed to witness, and he then testified that he saw said arbitrators sign the same; that they did so in his presence, in the city of Pensacola, about the day the same bears date. The plaintiff's attorney then offered to introduce in evidence the writing purporting to be an award made by said arbitrators, and which is in words and figures as follows, to-wit:

"Exhibit A.

"Pensacola, Fla., Feb'ry 6th, 1892. Memoranda of arbitration by J. W. Frater, J. I. Dixon and S. J. Foschee, between B. L. Anderson and R. H. Miller:

[Anderson v. Miller.]

We arbiters find from books, the cr. to R. H. Miller....$ 13,756 81
Other claims presented by R. H. Miller......$ 1,169 90
Of which we decline to allow bill of reclama-
   tion .........  .........  .................    633 75
                                                   536 15
                                       $ 14,292 96

We find from books to cr. B. L. Anderson. ..$ 9,751 74
Other claims presented by B. L. An-
   derson ....... .............. .$ 2,390 67
We deduct from same for
   services .    .. ........$ 255 00
We deduct from same for
   lawyer's bill.. ........    38 10
We deduct amount Cullum's
   bill to be paid by both
   Anderson and Miller if
   Cullum establish same.  150 00

                      $  443 10

                             $ 1,947 57

                                    $ 11,699 31

The two amounts aggregating and making cost of prop-
   erty ...............  ..........................$ 25,992 27
One-half of same being........  ...................... 12,996 13½
Deduct amount paid in by B. L. Anderson   .. ....... 11,699 31

Leaving amount due R. H. Miller by B. L. Anderson....$ 1,296 82½
                                   balance for ½ int.
We find that at time of purchase of ⅔ interest by J. I.
   Dixon and McGowin, the total cost of property was...$ 25,992 27
Of which R. H. Miller has paid in............$ 14,292 96
Of which B. L. Anderson has paid in........... 11,699 31

                                    $ 25,892 27

"We find the half interest of each to be $12,996½, leaving B. L. Anderson due R. H. Miller, on his half interest, $1,296.82½. We further find that property, or, rather a two-third interest, was sold to J. I. Dixon and McGowin on a basis value of $13,800.00 ; R. H. Miller receiving in cash, and turning over to them, of indebtedness, $9,200,00, being in excess of amount due him of $1,000.00, and which should be placed to credit of B. L. Anderson, and leaves the amount on final settlement, as

adjudged by arbiters, due by B. L. Anderson to R. H. Miller, $296.82½. J. W. Frater, J. I. Dixon, S. J. Foschee, Arbitrators.

"State of Florida, Escambia county: I hereby certify that the foregoing instrument, marked 'Exhibit A,' is the award and judgment rendered by J. W. Frater, J. I. Dixon, and S. J. Foschee, arbiters, on the arbitration submitted to us by B. L. Anderson and R. H. Miller, to settle and determine all accounts and differences between the said B. L. Anderson and R. H. Miller, submitted to us for arbitration. [Signed] J. W. Frater, One of the Arbiters."

This certificate was sworn to by J. W. Frater before the clerk of the circuit court of Escambia county, Fla. The defendant objected to the introduction in evidence of said writing upon the following grounds: "First, because there is a gross mistake of fact apparent upon the face of said writing, in this: that said arbitrators, in calculating the amount received by the plaintiff as the proceeds of sale of a two-thirds interest in said mill business, and in excess of the share and interest to which the plaintiff was entitled therein, the amount is fixed by them at one thousand dollars, when in truth and in fact, as shown by a calculation of the same according to the basis fixed by said arbitrators, it is shown that the plaintiff in fact received the sum of $2,300 in excess of the amount to which he was entitled; second, because said writing is not final and complete; and, third, that it is void for uncertainty." But the court overruled each ground of said objection, and permitted the said instrument to be introduced in evidence as the award of said arbitrators; and the defendant, by his attorneys, then and there excepted separately to the overruling of each of said grounds of objection, and to the action of the court in permitting said instrument to be read in evidence. The plaintiff then introduced in evidence the following agreement of submission, which is in words and figures as follows, to-wit:

"State of Florida, Escambia county—Know all men by these presents, that whereas differences and controversies have for a long time existed, and are now existing and pending, between B. L. Anderson and R. H. Miller; that we, the said B. L. Anderson and R. H. Miller, do hereby agree to submit said differences to the ar-

[Anderson v. Miller.]

bitrament of John W. Frater, S. J. Foschee, and J. I. Dixon, or any two of them, to arbitrate, award, order, judge, or determine of and concerning all actions, suits, controversies, quarrels, claims, and demands, and every subject of difference at any time heretofore had, possessed, instituted, sued out, presented, made, begun, pending, existing, done, or suffered to be done, committed, or pending by and between said parties. That said award shall be made in writing, under hands of said arbitrators, or any two of them, and a copy be delivered to each of us on or before the 15th day of Feb'y, A. D. 1892. That said award shall by us, and each of us, be well and faithfully kept and observed. In testimony whereof we have set our hands and seals this 14th day of January, A. D. 1892. (Signed) B. L. Anderson, R. H. Miller.'' The plaintiff then testified that on the day on which said award was made, one of the said arbitrators delivered the original award, above set out, to him (the plaintiff)', and then and there gave to the defendant a copy thereof. He further testified that the amount awarded him by said arbitrators had not been paid.

The defendant was then introduced as a witness in his own behalf, and testified as follows : That he did enter into the written agreement of submission of matters to arbitration, but that he was not informed they had made a final determination, or award of said matters. That he had never received any copy whatever of said award, and knew nothing of the contents thereof. That, a few days (two or three) after the agreement to submit was made, he met one of said arbitrators in the city of Pensacola, Fla., and was then informed by him that they had decided about what they would do, and that they had found a certain sum to be due by defendant to plaintiff, and that they had rendered their award, but had not written out the copies ; that each of the arbitrators had signed their names to blank piece of paper, and given it to him (one of the arbitrators) with the request to copy the original above their names. That said arbitrator told him what their finding was. Whereupon witness informed said arbitrator that a claim had been put in before them by Miller, for about five hundred dollars, which he claimed to have paid to Barney Cavannah & Long, on account of their said mill business, and that if the arbitrators allowed said amount to plain-

tiff, it was an error, as he (witness) could prove to them he had paid said amount himself, and was entitled to credit therefor and that Miller had not paid it, and was not entitled to a credit therefor, and that he was taken by surprise that Miller had made such claims, but defendant never offered any proof to said arbitrators of his claims. That said arbitrator then informed witness that he would give him an opportunity to make such proof, and would hear him, and notify him of the time and place of doing so, provided the other arbitrators were willing. The witness, within a few days thereafter, saw the other two arbitrators, who agreed with him that they would reopen the matter as agreed by the first arbitrator, and that he had never gotten them together on said matters; but defendant never offered any proof to said arbitrators of the error claimed by him, and they had never given him any notice, in writing or otherwise, of their said finding or award, other than as above stated. The defendant further testified that he had never seen either the original or a copy thereof, until after this suit had been brought, and he had appeared in court to defend the same, where he then saw the original award which had been delivered to plaintiff. Witness further testified to the amount of Cullom's claim referred to in said award, and charged therein to him, that a suit was still pending in the circuit court of Perry county, Mississippi, by the said Cullom against the firm of R. H. Miller & Co., for the sum of about $150 and that the matter was still unsettled, and that the plaintiff had paid no part thereof.

This being all the evidence, the court, in its general charge to the jury, instructed them, among other things, as follows: "The law presumes that the award is correct, and the burden is upon the defendant to show that it is not." To this portion of the general charge the defendant then and there excepted. The defendant then requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (2) The burden of proof is on the plaintiff to show to your reasonable satisfaction that a copy of the award was delivered to the defendant by the 15th day of February 1892, or that the defendant waived his right to have a copy of the award delivered to him by the 15th day of February

[Anderson v. Miller.]

1892; and unless you are reasonably satisfied from the evidence that a copy of the award was delivered to the defendant by the 15th day of February 1892, or that the defendant waived his right to have a copy of the award delivered to him by the 15th day of February 1892, then the plaintiff cannot recover." (3) "The burden of proof is upon the plaintiff to show to the reasonable satisfaction of the jury that a copy of the award was delivered to each of the parties by the 15th day of February, 1892, or that the parties waived their right to have a copy of the award delivered to them by the 15th day of February, 1892; and unless the jury are reasonably satisfied from the evidence that a copy of the award was delivered to each of the parties by the 15th day of February 1892, or that the parties waived their right to have a copy of the award delivered to them by the 15th day of February 1892, then the plaintiff cannot recover." (4) "The court charges the jury that although you may believe from the evidence that the arbitrators did in fact give Anderson a copy of the award, and gave Miller the original, then this was not a compliance with the submission, and the plaintiff cannot recover." (5) "The court charges the jury that, before the plaintiff can recover in this case, the evidence must reasonably satisfy you that the plaintiff has paid one-half of $150, claimed by Cullom, or that Cullom has failed to establish the same." (6) "The court charges the jury that if they believe the evidence they must find for the defendant." (7) "The court charges the jury that there is no evidence in this case that the defendant did anything that amounted to a waiver of his right to a copy of the award."

There was a verdict and judgment for the plaintiff. The defendant appeals and assigns as error the several rulings of the court to which exceptions were reserved.

FARNHAM & CRUM, with whom was P. N. HICKMAN, for appellant, cited the following cases: A palpable mistake of fact will avoid an award.—Morse on Arb. pp. 329, 331, 332.; 11th. Lawyer's Rep. Ann. 624, note.; 16th. N. Y. Com. Law Rep., 605; (Law Ed.), 9th. N. E. Rep, 665; *Aiken v. Ballou*, 2 Amer. Dec. 660; *Martin v. Chapman*, 1 Ala., 282; *Bumpus v. Webb*, 4 Port. 65; *Graham v. Woodall*, 86 Ala., 314; *Burns v. Hendrix*, 54 Ala., 78.

12

[Anderson v. Miller.]

The terms of submission must be strictly pursued by the arbitrators. 4 N. Y. Com. Law Rep. 37; Caldwell on Arbt. pp. 391–392; *Graham v. Woodall*, 86 Ala., 314.

J. D. GARDNER, HENRY OPP and B. H. LEWIS for appellee. (No brief on file.)

HEAD, J.—When the plaintiff introduced in evidence, as a basis for the award upon which he sued, a submission to arbitration, which disclosed that the arbitrators were required to make an award in writing, under their hands and to deliver to the parties a copy thereof on or before the 15th day of February, 1892, it became necessary for him to establish, not only that an award had been made, but that a copy thereof had been delivered to the defendant within the time prescribed, unless it appeared the stipulation had been waived. It is perfectly competent for parties, who submit their differences to arbitration, to limit the duration of the authority of the arbitrators.—1 Am. & Eng. Enc. Law, p. 688. So also may they prescribe the manner in which the award must be published or delivered, and while, in the absence of such stipulation, actual delivery is not necessary, yet if the submission requires delivery of the original award, or a copy, then in the absence of a waiver, nothing short of a compliance with the terms of the agreement will satisfy the requirement.—1 Am. & Eng. Enc. Law, p. 705. The right of the parties and the duty and authority of the arbitrators are to be measured by the terms of the submission.—*Pratt v. Hackett*, 6 Johns, 14.

When actual delivery of the award, or a copy is required, an informal notice to one of the parties by one of the arbitrators, that an award has been made, even when accompanied by a statement of the contents thereof, would not be a sufficient compliance, as to such party, with the terms of the submission, to constitute a valid award.—*Buck v. Wadsworth*, 1 Hill, 321. Even after an award is drawn up it is, until delivery, under the control of the arbitrators, who may, in their discretion within the time limited, re-open the case and hear other evidence.—1 Am. & Eng. Enc. Law, p. 681. So that, until the award is delivered, there is lacking one element of completeness and finality of decision, and in-

[Anderson v. Miller.]

formal information to a party, that the arbitrators had then made a decision, which was still within their control, and subject to alteration, would fall short of showing an irrevocable award, binding as their last judgment. This would more clearly be the case, where, as here, the final decision of the arbitrators was to be evidenced in a particular manner. We do not think, therefore, that the notice which the defendant received upon the street, from one of the arbitrators, of their then action, tended, in any manner, to show either a compliance with the submission, in respect of delivery of a copy of the award, or a waiver of that stipulation. Nor could the suggestion of error, which the defendant testifies he then made to the arbitrator, nor his request for an opportunity to adduce evidence of such alleged error, be treated or construed as an affirmation or recognition of the completeness of the award, nor as a waiver of any right guaranteed by the submission. On the contrary, his action proceeded entirely upon the idea that the case was still under the control of the arbitrators and that their decision was not then final and irrevocable. If the arbitrators made the promise to the defendant, to which he testifies, that fact would seem to furnish stronger reason why he should be formally furnished with a copy of the award, under the hands of the arbitrators, as evidence of their determination not to re-open the case, and to notify him that he had been finally adjudged liable to the other party, in a sum of money, which must be presently paid. We do not find, therefore, any evidence in this record, which would authorize the inference that the defendant had waived his right to a copy of the award. Charges 2 and 7 requested by the defendant should have been given.

The plaintiff testified to a delivery of a copy of the award to the defendant in due time, while the defendant testified he had never received, nor seen, either the original award nor a copy, until after the suit was brought and he appeared to defend the same. This conflict presented an issue of fact to the jury, the decision of which will control the case.

It was not necessary, however, for the plaintiff to show that he himself had also received a copy of the award. He had sued upon it, thereby affirming its validity, and it was of no concern to the defendant, in

this case, that the arbitrators had not delivered a copy to the plaintiff. Furthermore, it appears, without dispute, that the original award was delivered to the plaintiff, within the stipulated time and received by him without objection or demand for a copy. This was a waiver by him of compliance with the stipulation according to its exact terms, if indeed it was not a substantial compliance therewith.—*Sellick v. Adams*, 15 Johns, 197. Charges 3 and 4 requested by the defendant were properly refused.

"This disposes of the questions of merit in the case. The eighth plea constituted no defense to the action, and it should be eliminated from the record by a demurrer before another trial. We are unable to perceive that there is any mistake of fact, apparent upon the face of the award, and none has been pointed out in the brief of appellant's counsel; nor do we think there is any merit in the contention that the award shows it does not finally dispose of all the matters submitted. As the case is presented in this record, the controversy lies within a narrow compass, and what we have said will be a sufficient guide, upon another trial, for a clear presentation of the issue to the jury, unless there is a material change in the evidence.

Reversed and remanded.