# Callier *v.* Watley.

*Action upon a Promissory Note.*

1. *Arbitration; effect of award.*—The award of arbitrators within the terms of submission operates, like a judgment, as a merger of the original cause of action, and may be pleaded in b ir of any subsequent suit founded on the original claim or demand.

2. *Same; construction of award as to liability on promissory note.*—Where the settlement of differences as to liability on promissory notes, is submitted by agreement of the parti. s to arbitration, and award that the maker should pay "the amount of said notes less a credit of $15," operates as a merger of the notes, and constitutes a complete bar to a subsequent action on said notes; but if the award is that the holder "should credit the maker with $15 on his said notes," there is no merger, and such an award is no bar to a subsequent action upon said note.

3. *Pleading and practice; review upon appeal of finding of trial court.* Where in action at law, the trial is had by the court w.thout the intervention of a jury. and the evidence adduced is partly or wholly oral, the court's finding of the facts and the judgment thereon will not be disturbed by the appellate court, unless such finding is clearly erroneous.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES J. BANKS.

This was an action brought by the appellant against the appellee, and counted upon two promissory notes. The defendant pleaded in bar to the action that a dispute having arisen between the plaintiff and the defendant as to the defendant's liability on the plaintiff's said notes, the question was submitted by the plaintiff and the defendant to arbitrators, who made an award in keeping with said agreement, and that said arbitration and award were the settlement of the notes set forth in the complaint, and the plaintiff has a means of enforcing said award without this action.

The agreement to submit to arbitration all matters and differences between the plaintiff and the defendant, as introduced in evidence, contains the following stipu-

lation : " Disputes having arisen between the parties as to whether or not W. W. Watley is indebted to said Callier in the·sum of $85.04," as evidenced by Watley's promissory notes, "all matters and all matters of differences arising out of said trade, it is agreed between the parties, shall be and is hereby submitted to the arbitrament and decision of G. F. Jackson and S. H. Matthews, to hear and determine and make such award in the premises as may to them seem just and · right. This submission of all differences between the parties to G. F. Jackson and S. H. Matthews and such other arbitrator as they may select, ·as arbitrators, is made under and to be governed by the provisions of Chapter 16, Title 2, Part 3 of the Code of Alabama, on page 71 *et seq*."

There was a conflict in the evidence as to what was the award rendered by the arbitrators. The evidence introduced is sufficiently stated in the opinion.

The cause was tried by the court without the intervention of a jury, and upon the hearing of all the evidence the court rendered judgment in favor of the defendant, to which judgment the plaintiff duly excepted. The plaintiff appeals, and assigns as error the rendition of judgment for the defendant.

KERR & HALEY, for appellant.—The rule that by submitting the question of indebtedness to arbitration, the plaintiff does not lose the benefit of any security he may have, would apply in this case, as the notes contained a waiver of exemptions as to personal property and a stipulation to pay a reasonable attorney's fee, if not paid at maturity. One of the notes not being due at the time of the award, the arbitrators clearly intended that on failure to pay the notes according to their terms, less the $15 credit, the plaintiff should be entitled to sue on and recover the amounts due under the terms of the notes.—*Collier v. White*, 97 Ala. 615 ; 1 Amer. & Eng. Encyc. of Law, 712. In this case, the submission and award being as to the details of the trade and the consideration of the notes in question, the plaintiff's right to sue thereon was not lost or impaired.—*Anderson v. Miller*, 107 Ala. 171 ; *Comer v. Thompson*, 54 Ala. 265 ; *Burns v. Hendrix*, 54 Ala. 78.

[Callier v. Watley.]

· VASSAR L. ALLEN, *contra.*—The effect of the award is that of a final judgment as to all matters within the scope of the submission.—2 Amer. & Eng. Encyc. of Law (2d ed.), 794; *Wright v. Bolton*, 8 Ala. 548; *Chambers v. Crook*, 42 Ala. 171. "An award has been held to have the same effect as the verdict of a jury."—2 Amer. & Eng. Encyc. of Law (2d ed.), 797. An award when made on a matter properly submitted operates as a merger of the original cause of action, whether made under the common law or under a statute, and suit, if brought, must be upon the award or upon the covenants of the contract of submission.—2 Am. & Eng. Encyc. of Law (2d ed.), 798. It has been held in Alabama that an award under a general submission of all matters of difference bars all further proceedings as to all matters that come within the scope of the submission, although some of them were not presented to the arbitrators nor included in the award.—*McJimsey v. Traverse*, 1 Stew. 244; 2 Am. & Eng. Encyc. of Law (2d ed.), 800.

BRICKELL, C. J.—It is a general rule, at common law, and under the statute, that an award of arbitrators, within the terms of the submission, operates, like a judgment, as a merger of the original cause of action, and may be pleaded in bar of any subsequent suit founded on the original claim or demand, the object of the parties to the submission being presumed to be the ascertainment and determination of their respective rights and the silencing of litigation.—*Brewer v. Bain*, 60 Ala. 159; 2 Am. & Eng. Encyc. of Law, (2d ed.), 798. When the submission is expressly made under, and to be governed by, the statute, it is to be presumed, unless the contrary appears, that the parties intend that such an award shall be delivered as may, when returned to the clerk of the circuit court, or to a justice of the peace, "have the force and effect of a judgment at law upon which execution may issue."—Code of 1896, § 513. If the award which was pleaded in bar of this action was that Watley was to pay Callier the amount of the notes sued on less a credit of $15, the notes became merged in the award, as they would have been merged in a judgment rendered thereon by a court of law, and the award was a complete bar to the action. If, however, the award was, as con-

[Callier v. Watley.]

tended by appellant, simply that Callier "should credit Watley with $15 on his said notes," it would not operates as a merger, since, the award being treated as valid by both parties, it would be regarded as within the terms of, and authorized by, the submission, even if it were not so, and as directing a simple entry of credit, on the notes, and indicating an intention on the part of the arbitrators that the award was not to operate as a merger. The cause was tried by the court without the intervention of a jury, and it having been shown that the original award in writing had been lost, parol evidence of its terms was received. The plaintiff and one of the arbitrators testified that it simply directed that Callier should credit the sum of $15 on the notes, while the defendant testified that it directed him "to pay the said Callier the amount of said notes less a credit of $15," and another of the arbitrators testified that its terms were that "'Callier was to credit Watley on his notes the sum of $15 * * * * and that Watley should pay said notes less said amount.'" This was all the evidence, and upon it the court rendered judgment in favor of the defendant, presumably finding from the facts in evidence that the terms of the award required the defendant to pay to plaintiff the amount of the notes less $15. In view of the fact that the testimony was evenly balanced, and of the presumption, arising from the submission under the statute, that the parties comtemplated an award that would have the force and effect of a judgment when filed with the clerk of the circuit court, and of the probability that the arbitrators intended to deliver, and did deliver, an award for the payment of money, we are of the opinion the finding of the court below on the facts was correct. But even if we were doubtful of the correctness of this finding of the court, yet, the cause having been tried by the court without the intervention of a jury, its judgment would not be disturbed unless the finding was clearly erroneous.—*Simpson v. Golden*, 114 Ala. 336.

Let the judgment of the circuit court be affirmed.