# Hoffman *v.* Milner.

### *Bill in Equity to Foreclose Mortgage.*

1. *Arbitration; conclusiveness of award; usury.*—Where the question of indebtedness between two parties is submitted by agreement of the parties to arbitrators and one of the stipulations of the submission was that legal interest should be computed upon the items of indebtedness found, from the dates of maturity, and in accordance with such submission an award is made by the arbitrators ascertaining the amount to be due from one of the parties, for which notes are given, which are secured by a mortgage, if upon default being made in the payment of the notes, a bill is filed to foreclose the mortgage, the plea filed by the debtor mortgagor to such bill, alleging that there were numerous items of usury included in the finding and award of the arbitrators presents no defense to the maintenance of such bill; the issue of usury *vel non* having become foreclosed and concluded by the award.

APPEAL from Chancery Court of Tallapoosa.

Heard before the Hon. RICHARD B. KELLY.

The bill in this case was filed by the appellant Walter Hoffman against the appellee, Elbert Milner. The purposes of the bill and the facts of the case necessary to an understanding of the decision are sufficiently stated in the opinion. The complainant excepted to the plea interposed by the defendant upon the ground that it was insufficient in that the amount alleged to be due was ascertained by the award of the arbitrators, and that the award was conclusive.

On the submission of the cause upon the exception to the sufficiency of the plea, the chancellor rendered a decree overruling the exceptions, and holding that the plea was sufficient. From this decree the complainant appeals and assigns the rendition thereof as error.

HOUSTON & POWER, T. L. BULGER and SORRELL & SORRELL, for appellant.—Cited *Lee v. Sims,* 65 Ala. 248-254; *Curry v. Davis,* 44 Ala. 281;*Carlisle et al. v. Barker,* 57

Ala. 257; *Bell v. Lawrence, Admr.*, 51 Ala. 160; *Adams v. McKenzie,* 18 Ala. 698; 8 Cyc. 530-h.

No counsel marked as appearing for appellee.

McCLELLAN, C. J.—The bill and its exhibits show that Hoffman and Milner submitted the question of the latter's indebtedness to the former and the amount of it to arbitrators, and that one stipulation of the submission was that legal interest should be computed upon the items of indebtedness found, from the dates of maturity.   It is further made to appear that the arbitrators executed the submission, and found that Milner was indebted to Hoffman in a sum certain.   By the terms of the arbitration agreement Milner was to give his notes for the amount found due in five installments payable on a certain day each year for five years, and to secure these notes he was to execute a mortgage on certain lands.   These notes and this mortgage were duly executed by Milner.   Another stipulation of the agreement was that Hoffman was to pay the costs of a pending suit involving the amount of this indebtedness, and to pay Milner one hundred and forty-two dollars in money. Both these payments were seasonably made by Hoffman. Milner, on the other hand, paid the first of the notes falling due.   Defaulting in the other payments, Hoffman filed this bill to foreclose the mortgage and collect the amounts evidenced by the four remaining notes.   Milner interposed a plea of usury to the bill alleging that numerous items of usury charged on the several items of the original debt were taken into account by the arbitrators, and carried into their finding and constitute in part, or in whole the balance of indebtedness which they found and for which the notes and mortgage were given. We are of opinion this is a bad plea.   The issue of usury *vel non* was foreclosed by the award.   By the terms of the submission, usury was to be excluded from the finding.   The right to adduce evidence to the elimination of usurious charges and claims was secured to Milner. He had the opportunity to exercise this right.   If, with or without evidence upon his part, the arbitrators included such charges in their award, he had his remedy

for the correction of this error by appeal under section 522 of the Code. No appeal having been taken, and the integrity of the award not having been assailed in any other direct proceeding, if there be any available, it must stand as a final ascertainment and declaration of the indebtedness upon the same footing and having the same qualities of conclusiveness against the defense of usury as a judgment of a competent court for the amount of the indebtedness: To an action on such judgment usury could not be pleaded, and by the same token it cannot be pleaded to this action on the award made by the arbitrators.—*Wilbourn v. Hurt,* (Ala.) 36 So. Rep. 768.

The chancellor erred in holding the plea sufficient. The decree must be reversed; and it will be here decreed that the plea is insufficient.

Reversed and rendered.

HARALSON, DOWDELL and DENSON, J.J., concurring.