138 So. 409

**FUERST et al. v. EICHBERGER.**

1 Div. 698.

Supreme Court of Alabama.

Dec. 17, 1931.

R. P. Roach, of Mobile, for appellants.

32

Lloyd A. Magney, of Foley, for appellee.

THOMAS, J.

The suit was to set aside a conveyance alleged to be fraudulent and to defeat a creditor who had judgment under the written award of arbitrators.

The subject of arbitration and awards under the statute and the common law are considered in section 6156 et seq., Code; Rhodes v. Folmar, 208 Ala. 595, 94 So. 745; Gardner v. Newman, 135 Ala. 522, 33 So. 179; Hoffman v. Milner, 142 Ala. 678, 38 So. 758; Wilbourn v. Hurt, 139 Ala. 557, 36 So. 768.

The concrete question for decision is thus stated by appellants' counsel: "Both parties admit that all the proceedings in this arbitration up to and including the award itself were in accordance with the Statutes of Alabama on this subject, except the complainant claims that he was not required to cause the submission and award to be returned to the Clerk of the Circuit Court of the county in which the award was made, as required by Section 6161 of Code (1923) of Alabama so that it might be entered up as the judgment of that court, as required by Section 6157 of that Code. The respondents claim that this requirement of the statutory arbitration and award law of Alabama, not having been substantially complied with, the award was not final and conclusive, but could be inquired into, as any other question of indebtedness vel non, between the parties thereto. And this is the only question in this case."

The authorities establish:

(1) That "Arbitration as a means of settling disputes and controversies in this jurisdiction is recognized to exist at common law (Walden v. McKinnon, 157 Ala. 291, 47 So. 874, 22 L. R. A. [N. S.] 716), and provided for by the terms of this chapter, and in which the procedure to be followed in arbitration is prescribed. The statutory arbitration extended advantages unknown to the common law as giving the award the effect of the verdict of a jury, and permitting a judgment to be entered in it, dispensing with the common-law necessity of the suit. When the reference to arbitrators is made under the statute, the terms of the statute will be read into the agreement, and it will be interpreted in the light thereof. Tennessee Coal, etc., Co. v. Roussell, 155 Ala. 435, 436, 46 So. 866, 130 Am. St. Rep. 56; Rhodes v. Folmar, 208 Ala. 595, 597, 94 So. 745; Payne v. Crawford, 97 Ala. 604, 11 So. 725. For other cases, see 1 Enc. Dig. 687. See also section 6171. * * *

Statutory provisions in relation to arbitration are to be liberally construed. Tuskaloosa Bridge Co. v. Jemison, 33 Ala. 476." Section 6156, Code 1928.

(2) That a valid award of arbitrators, in substantial compliance with the statutory provisions governing arbitration and award, does not become a nullity because suit is brought thereon instead of delivery or filing of the award within the time prescribed with the clerk of the circuit court as provided by statute. Section 6161, Code.

(3) That an award of arbitrators which fails of statutory requirements and amounts to a valid common-law award is final and conclusive between the parties thereto and privies thereof. Gardner v. Newman, 135 Ala. 522, 33 So. 179; Shaw v. State, 125 Ala. 80, 84, 28 So. 390; Ehrman v. Stanfield, 80 Ala. 118, 122; Dudley v. Farris & McCurdy, 79 Ala. 187, 190.

(4) That a court has no authority, merely on motion, to enter up as its judgment, a common-law award, unless by the consent of the parties litigant solemnly given in judicio. Dudley v. Farris & McCurdy, supra; Byrd v. Odem, 9 Ala. 755, 766; Martin v. Chapman, 1 Ala. 278.

(5) That a common-law award may be made the basis of an appropriate action thereon. Lamar v. Nicholson et al., 7 Port. 158; 5 C. J. 236, § 645, note 84.

The several statutes touching the question of arbitration and award are to be considered as one system; and, when so regarded, the use of the word "must" in section 6157, Code, and the words "may" and "either party may" in sections 6161, 6170, Code, respectively, and the express declaration in section 6171, Code, that "arbitrations at common law not prevented," demonstrate the legislative intent to confer a privilege only, that was permissive by these terms employed, as in section 6161, Code, which declares that such award has the immediate effect of a judgment, under this and other statutes indicated or to be stated further. Wilbourn v. Hurt, 139 Ala. 557, 36 So. 768.

Common-law awards have been enforced by suits thereon. Odum v. Rutledge & Julian R. Co., 94 Ala. 488, 495, 10 So. 222; Graham v. Woodall, 86 Ala. 313, 314, 5 So. 687; Payne v. Crawford, 97 Ala. 604, 11 So. 725, and Anderson v. Miller, 108 Ala. 171, 19 So. 302, were actions at law on awards; and in Edmundson v. Wilson, 108 Ala. 118, 19 So. 367, and Black v. Woodruff, 193 Ala. 327, 69 So. 97, Ann. Cas. 1918C, 969, specific performance of an award was had or sought in equity; in Lamar v. Nicholson, 7 Port. 158, 166, there was the rendition of a judgment in the county court upon the return of an award of arbitrators; and Davis v. McConnell, 3 Stew. 492, a suit in the circuit court to judgment on an award of arbitrators.

And section 6169 of the Code is but declaratory of the common-law rule on the subject, that awards in substantial compliance with the statute are conclusive and final between the parties and privies as to the "matter submitted," unless the arbitrators are guilty of fraud, partiality, or corruption in making it, and may be enforced by statutory method if complied with, or by the common-law method as we have indicated. And in Rhodes v. Folmar, 208 Ala. 595, 94 So. 745, was the declaration that the foregoing statute was applicable whether the award was made under chapter 258 of the Code, sections 6156, 6169, or at the common law.

It is only on the ground of failure of statutory provisions as to filing in the circuit court, etc., and the method sought as to its enforcement, that objection is made to the decree of enforcement. This did not change the binding effect of the award, as to the matter submitted and its conclusion upon the parties and privies under the statute and under the common law. Edmundson v. Wilson, 108 Ala. 118, 19 So. 367; Wilbourn v. Hurt, 139 Ala. 557, 36 So. 768; Callier v. Watley, 120 Ala. 38, 23 So. 796; Brewer v. Bain, 60 Ala. 159; 2 Am. & Eng. Enc. of L. (2d Ed.) 798.

The relief sought is of the same subject-matter and parties in interest under the rules for complete relief in a court of equity. The bill was properly filed for setting aside the fraudulent conveyances and for the enforcement of the award. The judgment is therefore affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.