## WINNE v. ELDERKIN.

1. ARBITRATION AND AWARD.—Notwithstanding the provisions of the statute on the subject of arbitration and award, a parol submission and award is binding on the parties to it, as at common law.

2. PLEADING—EVIDENCE.—When it becomes necessary to establish a submission and award as a defense to an action for the causes or matters so submitted, the same may be given in evidence under the general issue.

(1 *Chand.* 219.)

ERROR to the District Court for *Walworth* County.

This was an action of assumpsit, brought by the defendant in error against the plaintiff in error, for injury in carelessly and unskillfully using a horse of the defendant in error, hired to the plaintiff in error, whereby and by occasion of which neglect and ill-usage, the horse died. The declaration also contained the common counts in assumpsit.

To this declaration the plaintiff in error pleaded non-assumpsit.

The cause was tried in the May term of the court for Walworth county, and the jury found a verdict for the defendant in error, for $58.33.

At the same term, the plaintiff in error gave notice of, and filed a motion for, a new trial, upon several grounds.

1. That the court rejected evidence offered on the trial, proving that there had been a verbal submission of the subject-matter of the suit to arbitrators, by the parties ; and that on such submission the arbitrators had found for the plaintiff in error, and awarded accordingly.

2. That the defendant in error did not prove on the trial before the court, that the horse in question was loaned to the plaintiff in error without a reward for its use.

3. That the verdict of the jury was against law and the evidence in the case.

At the same term, the motion for a new trial was argued, and the judge denied the motion, and ordered judgment in favor of the defendant in error according to the finding of the jury.   To this ruling and decision of the judge, the plaintiff in error excepted, as follows :   That on the trial of this cause, the plaintiff proved, or offered to prove, that before the commencement of the said suit the plaintiff and defendant entered into a mutual stipulation and agreement with each other, to submit to arbitration all pending matters of difference between them, including the cause of action here set up, and for that purpose two persons were selected and agreed upon to act as such arbitrators ; and in case of disagreement between them, they should select a third person, or umpire, who with them should make an oral reward in the premises ; that, in accordance with such submission aforesaid, the said two arbitrators met together to hear and decide such pending matters aforesaid, and were attended by the parties, who heard the testimony of their respective witnesses touching the subject-matter of this suit, and such arbitrators being unable to agree upon an award, did call to their aid a third arbitrator, or umpire, in accordance with such submission aforesaid ; and that the three, after having examined the testimony given, and having deliberated upon the matter, made an oral award in favor of the plaintiff in error (the defendant below), of which the defendant in error had notice ; which matter, so proved or offered to be proved, the judge on the trial rejected or overruled, and to which rejection and overruling of said testimony the plaintiff in error, at the time of such rejection or overruling of said testimony, excepted.

*Geo. Gale*, for plaintiff in error.

*M. M. Strong*, for defendant in error.

WHITON, J.   This cause was tried in the late district court of Walworth county, and the error alleged to have been committed on the trial is, that the district judge refused to allow

the plaintiff in error to introduce evidence of a parol submis-·
sion of the matter in controversy between the parties to arbi-
trators, and an award of the arbitrators upon the submission.

The declaration was in assumpsit, and the suit was com-
menced by the defendant in error.   To the declaration of the
plaintiff below, the defendant below pleaded the general issue,
and, to defeat the action, offered to prove on the trial that all
matters of difference in the suit had been, previous to its com-
mencement, submitted to arbitrators, who had met the parties,
and had, in pursuance of the submission, after having examined
the testimony, made an award in favor of the said defendant,
of which the said plaintiff had notice, etc.

Two questions were raised in the argument; one was, that
the award offered in evidence was void, and the other, that
admitting it to be valid, it was inadmissible under the plea.

Upon general principles, and without regard to our statute
upon the subject of arbitrations, there can be little doubt that
the award was a valid one between the parties. · Authority
need not be shown to prove that an award upon a parol sub-
mission is binding upon the parties at common law.   If this is
the correct doctrine upon the subject, the award in question
was valid, unless our statute in relation to the subject of arbi-
trations so changes the rights of parties as to deprive them of
the power to settle their differences by arbitration, unless the
statute is complied with.   In order to have a submission under
the statute, the parties must make an agreement in writing,
and must acknowledge it before a justice of the peace ; and it
is contended that the statute takes away the right of parties
to submit matters in controversy between them, to arbitrators
in any other mode.

But we are of opinion that this is not the correct view of
the subject ; the statute contains nothing which shows that
the legislature intended to prevent parties from adjusting
their differences by the convenient mode of common law
arbitration.   Similar statutes in other states have not received

the construction contended for.  *Wells v. Lain*, 15 Wend. 99 ;
8 Mass 1 ;  6 id. 46.

If the award in question was valid, it remains to be seen
whether it was admissible in evidence under the plea of the
general issue, and we have no doubt on the subject; an
award in respect to the pleadings is treated in the same man-
ner as a judgment (Cowen & Hill's Notes, 1035); and
authority is abundant to show that in actions of assumpsit a
judgment can be given in evidence under the general issue.
*Young v. Black*, 7 Cranch, 505 ;  Cowen & Hill's Notes, 1026,
810.

In rejecting the evidence the judge erred, and the judg-
ment of the district court must be reversed.

Judgment reversed.