## CONGER *v.* DEAN.

An issue of fact raised by the pleadings, cannot be adjudicated on a motion to dismiss the cause.

A court is not bound to give irrelevant instructions, and their relevancy must be shown affirmatively, by the party complaining.

By the common law, parties may by parol, submit any matters in controversy between them to arbitration; and this right has not been taken away by the provisions of chapter 119 of the Code, which governs those awards which are designed to be reported to the court, for judgment and execution.

Where parties wish to ask the aid of the courts, for judgment upon an award, the submission to arbitrators must be in the manner required by law.

But if they do not design to seek the aid of the courts, to enforce the award, a submission, without complying with the regulations of the Code, may be made, by which the parties will be bound.

Where there is a submission to arbitrators by parol, or in a manner different from that required by the Code, the submission may be regarded as the means mutually adopted by the parties for an amicable settlement of their difficulties; and as such, should have the force and effect of a settlement made by the parties themselves.

If there is a failure to comply with the agreement to submit, or with the terms of the award when rendered, the remedy would be by action, either on the agreement or award; but such award could not, like one under the Code, be returned to court, for judgment and execution.

Such an award, may be set up as a defence to an action brought or prosecuted for the subject matter therein settled.

Where suit was brought before a justice of the peace, for the value of an ox, which the plaintiff alleged was killed by the defendant, and after the suit

was commenced, the parties, by agreement in writing, submitted the matters in controversy to the arbitrament of five persons named therein; and where on the trial before the justice, this agreement was set up as a defence, with the averment, that a majority of the said arbitrators had, by their written award, found the defendant not guilty, which defence was denied by plaintiff; and where on the trial of the cause in the District Court, on appeal, the defendant offered in evidence the agreement and award to sustain his defence, which was rejected by the court: *Held*, That the testimony offered was pertinent to the issue, and should have been admitted.

### *Appeal from the Wappello District Court.*

THIS action was commenced before a justice of the peace. Defendant appealed to the District Court, where he made a motion to dismiss the cause; offered to introduce certain testimony; and asked instructions, which were rejected and refused by the court, and judgment being against him, he appeals to this court, where the following errors are assigned:

1. The court erred in overruling defendant's motion to dismiss the suit.

2. In refusing to allow defendant to introduce the testimony offered.

3. In refusing to give the instructions asked for by defendant.

The material facts of the case, will be found stated in the opinion of the court.

*Charles Negus*, for the appellant.

*S. W. Summers*, for the appellee.

WRIGHT, C. J.—The motion to dismiss the cause was correctly overruled. It was based upon the fact, that the parties had submitted the subject matter of the suit to arbitration, upon which there had been an award in favor of defendant, as shown by his answer, filed before the justice. This was denied, however, by plaintiff, as appears by the justice's transcript, and a written replication found in the record. And thus was raised an issue of fact, which could only be deter-

Conger v. Dean.

mined, like any other fact in the case, and could not be adjudicated on a motion to dismiss.    There is nothing to show us, that the instructions asked and refused, had any application to the case.    No part of the testimony is before us, and under such circumstances, we cannot say, that the court erred in refusing them.    A court is not bound to give irrelevant instructions, and their relevancy must be shown affirmatively by the party complaining.    The question as to the admission of the testimony, arises on the following state of facts:  The plaintiff sues for the value of an ox, which he charges was killed by defendant.    After the suit was commenced before the justice, as defendant claims, the parties by their agreement in writing, submitted the matters in controversy, to the arbitrament of five persons, named therein.    On the trial before the justice, this agreement was set up, with the further averment, that a majority of said arbitrators had by their written award, found the defendant not guilty. These averments were put in issue by the plaintiff.    In the District Court, defendant proposed to introduce this agreement and award, to sustain his defence, which being objected to, was rejected by the court.    The grounds upon which the court acted in rejecting this testimony, is not shown, nor have counsel in their argument, pointed out the objections relied upon.    It is probable, however, that the rejection was based upon the fact, that the submission was not made in the manner required by the Code; and thus the question arises, whether a submission and award will be good as between the parties, though they may not have pursued the course pointed out by the Code on that subject?    And, briefly, we understand, that if parties wish to ask the aid of the court, for judgment upon an award, they must submit in the manner required by our law.    But if they do not, a submission, without complying with the regulations of the Code, may be made, by which the parties will be bound.    By the common law of the land, parties may by parol, submit any matters in controversy between them to arbitration; and this right has not been taken away by the provisions of the Code governing those awards, which are designed to be reported to

the court for judgment and execution. There is nothing in chapter 119, taking away this right, either in express words or by implication. This chapter is similar in its terms to that found in many of the states, and we understand it to have been frequently, if not uniformly held, under such statutes, that parties were not necessarily confined to such provisions, in submitting matters in controversy to arbitrators; but that they may adopt other methods, which will be equally obligatory upon them. When submitted by parol, or in a manner different from that required by the Code, it may be regarded as the means mutually adopted by the parties, for an amicable settlement of their difficulties, by the aid and assistance of their neighbors and friends; and as such should have the force and effect of a settlement made by the parties themselves. If there is a failure to comply with the agreement to submit, or with the terms of the award when rendered, the remedy would be by action, either on the agreement or award, and such award could not, of course, like one under the Code, be returned to court for judgment and execution. It may, however, be set up as a defence to an action brought or prosecuted for the subject matter therein settled. In *King* v. *Hampton*, December term, 1854, it appears that to an action to recover damages for the fraudulent sale of lands, defendant pleaded in bar, an arbitration and award. This was demurred to, for the reason that the arbitration was not conducted in strict conformity to the Code; that the award by the terms of the submission, was to be returned to a justice of the peace, instead of the District Court. The court, after disposing of other questions, add that they have no doubt but that the award was good, and could be enforced at common law, clearly indicating, from the whole opinion, that an award would be good as to the parties, though not rendered in the manner required by the Code. And to the same effect, see *Carpenter* v. *Edwards*, 10 Metcalf, 200; *Wells* v. *Dane*, 15 Wend. 99; *Ressequire* v. *Brownson*, 4 Barbour, 541; *McMuller* v. *Mays*, 8 S. & M. 298; *Norton* v. *Savage*, 1 Fairf. 457; *Keep* v. *Goodrich*, 12 Johns. 39. We conclude, therefore, that the testimony was improp-

erly rejected.   The effect of it when introduced, is another
question.   There is nothing apparent on the face of the pro-
ceedings, that so far vitiates them, as to justify their exclu-
sion.   It may be that the award was made without notice to
the plaintiff; or the agreement to submit may have been
fraudulently obtained; and that in various methods plaintiff
may avoid the effect of such proceeding.   But *prima facie*,
the testimony offered was pertinent to the issue, and should
have been received.

Judgment reversed.