# DAVID CADY v. GEORGE WALKER.

62 157
106 640
62 157
f153 ²540

*Warranty—Representations made after the sale and delivery of property do not amount to—Communications, to be privileged, must be made by client confidentially to obtain counsel—Submission of disputed question by two parties to mutual friend—Who is an attorney at law—The facts as claimed by each being stated in presence of the other—Falls outside of law of privileged communications—Parol submission to arbitration—Good at common law and not forbidden by statute—Where parties resort to same—And decision is made pursuant to such submission—It will be a valid award—Testimony of arbiter as to what was said before him—Competent evidence to prove admissions of the parties—And decision thereon under the submission.*

1. Plaintiff sued defendant for an alleged breach of warranty on the sale of a horse, but the testimony showed that the representations as to soundness were made *after* the sale was *complete* and the horse *deliv_ered* to the vendee thereunder, and not to have entered into the consideration for such sale.

   *Held,* that the alleged warranty was not made out.

2. A matter of difference between a vendor and vendee was by agreement submitted to a mutual friend, who was an attorney at law, both parties appearing before him, and, in the presence of each other, stating the facts of the case as claimed by them respectively, and he gave an opinion thereon. In a suit involving the matter so submitted the court refused to allow the attorney to testify as to what took place on such submission, holding that the communications were *privileged.*

   *Held,* error; that there can be no privilege where *both* parties hear the communications and they are not made by a *client confidentially* to obtain counsel. *House v. House,* 61 Mich. 69.

   *Held,* further, that a parol submission to arbitration is good at common law and not forbidden by any statute, and if the parties resorted to the attorney as a common arbiter, who heard them and made his decision, all of which was done in pursuance of the submission, such decision would be a valid award.

   *Held,* further, that the testimony should have been received, whether operating as proof of admissions, or, in case of a submission, to show the decision thereunder.

Error to Wayne. (Jennison, J.) Argued June 8, 1886. Decided July 1, 1886.

Case. Defendant brings error. Reversed. The facts are stated in the opinion and head-notes.

*Hamilton Baluss*, for appellant.

*Blodgett & Patchin*, for plaintiff.

CAMPBELL, C. J.  Plaintiff sued and obtained damages from defendant for an alleged breach of warranty on the sale of a horse.  The warranty relied on was that the horse was sound and not breachy.  There was some evidence that the horse was breachy, but none as to how far this would damage him.  The only unsoundness shown was disease in the feet, and upon this the case went to the jury.

It is questionable how far this testimony was admissible under the vague allegations of the declaration and bill of particulars; but as these might have been amended, this point is not very material.

As the record appears, we do not think any warranty was made out.  When the testimony is carefully regarded, the representations as to soundness seem to have been made after the sale was complete, and not to have entered into the consideration of the parties before.  There was testimony of subsequent dealings somewhat inconsistent with a warranty; but these are not for us to pass on.  But the court, in charging that the plaintiff had shown a warranty, does not appear to be borne out by the proofs.

There is another very serious question, which seems to be regarded by counsel on both sides as very material.  It appears that the parties proposed to submit their difficulty to Mr. Stellwagen, a mutual friend, who is also an attorney, and that they laid before him the facts, and that he gave an opinion upon them.  The court, however, not only told the jury to disregard this, but refused to allow Mr. Stellwagen to be examined at all on what took place.  The ground of the exclusion was that the communications were privileged.

We have held on more than one occasion that there can be no privilege where both parties hear the communications, and where they are not made by a client confidentially to obtain counsel: *House v. House*, 61 Mich. 69, and cases cited.  In the present case neither party sought Stellwagen

separately or confidentially. Both went together, and counsel cannot very well represent, as such, two conflicting litigants. The case presents no features having anything to do with professional confidence. Neither made, or was expected to make, any communication which was to be concealed from the other. Stellwagen should have been allowed to testify.

There is a further bearing of this testimony still more significant. A parol submission to arbitration is good at common law, and is not forbidden by any statute. The testimony tends to show that Stellwagen was resorted to as a common arbiter, and that he heard the parties and made his decision. If this was done in pursuance of the submission, it would be a valid award. It should have been received in evidence, whether operating as proof of admissions, or, in case of a submission, to show the decision under it.

Some other points might be worthy of attention, but they do not seem likely to arise again, and we do not discuss them.

The judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.