[Walden, et al. v. McKinnon.]

# Walden. *et al. v.* McKinnon.

## *Specific Performance.*

(Decided June 18th, 1908. Rehearing denied Dec. 24, 1908.
47 South. 874.)

1. *Arbitration and Award; Submission.*—An exception to the common law rule that a submission to arbitration may be by parol prevails where title to land is involved, and this exception is recognized and enforced in this jurisdiction.

2. *Specific Performance; Award; Controversy Involving Title to Land.*—Where the submission was oral, and the award rendered on the submission gave to one of the parties to the award a right of way over a certain strip of land, the same operated on title to land, and cannot be specifically enforced.

3. *Same; Evidence.*—The actual result of the award being to operate on the title, under oral submission for award, the fact that the arbitrators testified that in making the award they did not consider the title cannot affect the actual result of the award in its operation upon the title.

APPEAL from Geneva Chancery Court.

Heard before Hon. W. L. PARKS.

Bill by A. M. McKinnon against Dutch Walden, and others to specifically enforce two contracts in reference to land. Decree for complainants and respondents appeal. Reversed and rendered.

E. F. ELLSBERRY, for appellant. Such possession as is required was not shown.—*Reddick v. Long,* 124 Ala. 267; *Adler v. Sullivan,* 119 Ala. 562. The injunction was improvidently granted.—*Dugan v. Neville,* 127 Ala. 471; *High v. Whitfield,* 130 Ala. 444; *Keller v. Burlington,* 101 Ala. 367. The description is not definite enough to authorize specific performance.—*Alba v. Strong,* 94 Ala. 163; *Daniels v. Collins,* 57 Ala. 685; *Johnston v. Jones,* 85 Ala. 287. The bill is multifarious.—*McIntosh v. Alexander,* 16 Ala. 87; *Clay v. Gurley,* 62 Ala. 14;

*Andrews v. Jones,* 68 Ala. 117; *Truss v. Miller,* 116 Ala. 497. The court should have dissolved the temporary injunction.—*Hayes v. Alrivh,* 115 Ala. 239; *Kidd v. Bates,* 124 Ala. 670; *Ashurst v. Peck,* 108 Ala. 429; s. c. 101 Ala. 499; *Davis v. Williams,* 121 Ala. 542; *Haggerty v. Elyton L. C.,* 89 Ala. 429.

There was lack of mutuality in the contract and a want of consideration.—*Iron Age Co. v. Tel. Co.,* 83 Ala. 498.

W. O. MULKEY, for appellee. The chancery court will specifically enforce an award whether under the statute or at common law.—*Kirksey v. Spike,* 27 Ala. 383; *Jones v. Blalock,* 31 Ala. 180; *Edmundson v. Wilson,* 108 Ala. 118; 22 Ency of Law, 1001. Complainant had no adequate remedy.—133 Ala. 300. The award is not void because the submission is not in writing.—*Cox v. Jagger,* 14 Am. Dec. 522; *Sellick v. Adams,* 15 Johns. 197; *Shepherd v. Buyers,* Ib. 497; *Whitney v. Holmes,* 15 Mass. 154.

DENSON, J.—This bill is filed by the complainant to enforce the specific performance of two contracts in respect to a strip of land described in the bill and alleged to contain eight acres. One of the contracts is alleged to have been made between the complainant and one McLeod, and the other between complainant and one Wyche. McLeod first owned the land, and Wyche succeeded to his title. Another purpose of the bill is to enforce the specific performance of an award of arbitrators, rendered upon the submission to them of matters in dispute between the complainant and Dutch Walden, and to enjoin Walden from interfering with complainant or his employes in respect to said strip of land and in respect to a road which complainant claims over a strip of land. McLeod, Wyche, and Walden are made

parties respondent to the bill. On the final hearing on the pleadings and proof, the chancellor decreed that the temporary injunction be made perpetual, "so far as the 16-foot roadbed is concerned, which is described in the bill and award," and that "the said A. M. McKinnon and Dutch Walden unite in establishing a fence along said road, on the east side, within 4 feet of the said roadbed." From that decree this appeal has been taken. No relief having been granted against McLeod and Wyche, Walden alone assigns errors.

It is apparent that the decree of the chancellor must be referred to the arbitration and award. Walden claims the title to the strip of land through conveyances of the successive owners back to and including McLeod. In respect to the arbitration and award the bill avers "that the question to be submitted and decided was: What were the rights of each party in and to said strip of land, and what should each party do in order to settle the controversy?" The bill does not aver that the submission was in writing, but shows that the following award was made in writing, to wit: "Geneva, Alabama, April '17, 1906. State of Alabama, Geneva County. After hearing the statements of both parties interested and duly considering same, in justice to all parties, we give A. M. McKinnon a 16-foot roadbed where the present road stands, leading to McKinnon's place, and that there be a fence established along said road on the east side within 4 feet of said roadbed, said fence to be established by both parties, McKinnon and Walden. Jerre Merritt. H. L. Faulk." The proof shows—and it is conceded—that the submission was not in writing, and the point is made that for this reason the award is void.

At common law, generally, a submission to arbitration could be made by parol; but an exception to the rule prevailed when the title to land was involved. This

exception has been distinctly recognized and enforced by our decisions.—*Byrd v. Odem*, 9 Ala. 755; *Shaw's Case*, 125 Ala. 80, 28 South. ·390; *Brown v. Mize*, 119 Ala. 10, 17, 24 South. 453; *Smith v. Douglass*, 16 Ill. 34; *Fort v. Allen*, 110 N.·C. 183, 14 S. E. 685. While it has been decided that the° mere matter of locating boundary lines of lands does not involve the title, but relates only to the limit to which the land covered by the title extends (*Shaw's Case, supra*), we think the case at bar does not fall within that decision. Here the title is involved. Both parties are claiming title to the particular strip of land in controversy. It is not a question of boundary at all, but a claim of title, of owner-ship—each party claiming in exclusion of the other. And the award does not stop with the fixing of the boundaries. Its legal effect, if any it has, is to settle the legal title in and to the 16-foot roadbed across the strip of land in the complainant. Its language is: "We give A. M. McKinnon a 16-foot roadbed where the present road stands." Furthermore, the prayer of the bill is that all right, claim, or interest of the said Walden in and to the said roadway, as designated by the arbitrators, be divested out of him and invested in complainant. The fact that the arbitrators testified they did not con-sider the question of title cannot be allowed to overcome the actual result of the arbitration and the fact that title was the issue between the parties. If the award does not operate upon the title, it is meaningless. The court is of the opinion that the submission to arbitration in parol rendered the award incapable of specific per-formance by a decree in the chancery court.

Another point of attack on the award is that of un-certainty; but in view of the conclusion already reached we will not discuss this contention. See, however, 2 Am. & Eng. Ency. Law (2d. Ed.) 760, 761; 3 Cyc. 706, 712;

[Noble, et al. v. Metcalf.]

*Carnochan v. Christie*, 11 Wheat. 446, 6 L. Ed. 516; *Ehrman v. Stanfield*, 80 Ala. 118, 120.

From what has gone before, it follows that no relief can be had, under the bill, in respect to the arbitration and award. There are no cross-assignments of error, and we will not consider the bill in any other phase. A decree will be here rendered, reversing the decree of the chancellor and dismissing the bill.

Reversed and rendered.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.

