## DEAL v. THOMPSON.

No. 4967.  Opinion Filed September 14, 1915.

(151 Pac. 856.)

1.  **ARBITRATION AND AWARD—Authority for "Arbitration"— Common Law.** "Arbitration" is the submission of some disputed matter to selected persons, and the substitution of their decision or award for the judgment of the established tribunals of justice; and this method of settling disputes is recognized at common law. In the absence of a statute on the subject, the common law controls.

2.  **SAME—Submission—Award—Parol.** The agreement of submission may be by parol, and this is true as to the award, unless the submission contains a provision as to the form in which the award may be made.

3.  **SAME—Parol Submission—Validity.** A parol submission to arbitration is valid in any case where an oral agreement of the par-

ties with respect to the matter submitted would be valid and enforceable.

4.   **ARBITRATION AND AWARD—Validity—Favored by Courts.** The settlement of disputes by arbitration is favored and encouraged by the courts.

(Syllabus by Dudley C.)

*Error from Superior Court, Grady County;*
*Will Linn, Judge.*

Action by J. M. Deal against C. M. Thompson. Judgment for defendant, and plaintiff brings error. Affirmed.

*Burns & Sandlin,* for plaintiff in error.

*Bond & Melton,* for defendant in error.

Opinion by DUDLEY, C.   This is an action by the plaintiff in error, plaintiff below, against the defendant in error, defendant below, upon a promissory note and to foreclose a chattel mortgage securing the same. The defendant, in his answer, after admitting the execution and delivery of the note and mortgage, pleaded a parol arbitration as a bar to plaintiff's cause of action thereon, and prayed that judgment be entered in accordance with the award of the arbitrators. He prevailed, and judgment was entered in accordance with the award, from which the plaintiff has appealed.

The only question presented is whether or not the parol submission to arbitration of the controversy between the parties to this action is binding. The facts necessary to be considered are: On January 2, 1912, the plaintiff sold the defendant a span of horses and certain farming implements for the sum of $250. He also leased him certain farm lands for the year 1912, and agreed to furnish him certain supplies during the year. The

defendant executed the note sued on in payment of said property, and secured the same by a chattel mortgage thereon and on the crop to be grown upon the said leased premises. Following this the defendant went into possession of said leased premises and planted a crop thereon. Later a controversy arose between them as to one of the horses purchased by the defendant and the amount of supplies to be furnished, and in July, 1912, they orally agreed to submit this controversy to a board of arbitrators and to abide their decision. Each party was to select an arbitrator, and if the two so selected were unable to agree then they were to select a third person. Pursuant to this agreement the arbitrators were selected and an award made, by the terms of which the plaintiff was to have the personal property which he sold to the defendant returned to him, the defendant was to surrender the leased premises and the plaintiff was to pay the defendant $122 in money for his services in planting and cultivating the crop, and the defendant was to remain in possession of the leased premises until this sum was paid. Both parties were present when the arbitrators settled their differences, and knew and had full knowledge of the award. No objections were made by either party to the personnel of the arbitrators or their award. The award of the arbitrators was orally made. Shortly after the making of the award, the plaintiff commenced this suit to recover the amount due upon said note and possession of the property included therein, wholly disregarding the arbitration. The defendant pleaded the arbitration in bar of plaintiff's cause of action upon said note.

Arbitration is the submission of some disputed matter to selected persons, and the substitution of their decision or award for the judgment of the established

tribunals of justice. 2 R. C. L. 351; 3 Cyc. 581. This method of settling controversies is recognized at common law. 2 R. C. L. 352; *Walden v. McKinnon,* 157 Ala. 291, 47 South. 874, 22 L. R. A. (N. S.) 716; *Conger v. Dean,* 3 Iowa, 463, 66 Am. Dec. 93; *Shackleford v. Purket,* 2 A. K. March (Ky.), 435, 12 Am. Dec. 422; *Cady v.* Walker, 62 Mich. 157, 28 N. W. 805, 4 Am. St. Rep. 834; *Winne v. Elderkin,* 2 Pin. (Wis.) 248, 1 Chand. 219, 52 Am. Dec. 159; *Miller v. Brumbaugh,* 7 Kan. 343. We have no statute on the subject, and therefore the common law prevails. The agreement of submission may be by parol, and, unless the submission contains a provision as to the form in which the award shall be made, it may be also by parol. 2 R. C. L. 354; *Walden v. McKinnin, supra; Lilley v. Tuttle,* 52 Colo. 121, 117 Pac. 896, Ann. Cas. 1913D, 196; 2 A. & E. Ency. of Law (2d Ed.) 541.

A parol submission to arbitration is valid in any case where an oral agreement of the parties with respect to the matters submitted would be valid and enforceable. 3 Cyc. 600; *Cady v. Walker, supra; Greer v. Canfield,* 38 Neb. 169, 56 N. W. 883; *Ehrman v. Stanfield,* 80 Ala. 118; *Faggard v. Williamson,* 4 Tex. Civ. App. 337, 23 S. W. 557; *Lilley v. Tuttle, supra;* A. & E. Ency. of Law, 191, and cases cited. Tested by these rules, we conclude that the matter in controversy between the parties to this action could be submitted to arbitration by a parol agreement, and that the parol award made in compliance therewith was binding and conclusive. However, in the absence of a statute, the successful party can only enforce his rights thereunder by a suit at law. The only thing gained by a common-law arbitration is the substitution of the findings of the arbitrators as a basis of the suit in

place of the former unsettled rights of the parties. In 2 Ruling Case Law, 352, *supra,* in discussing the common-law arbitration, it is said:

"Arbitration as a method of settling disputes and controversies is recognized at common law. The award of the arbitrators is binding on the parties; but, in the absence of statute, the successful party can only enforce his rights thereunder by a suit at law. Thus the only gain by a common-law arbitration is the substitution of the definite findings of the award as the basis of a suit, in the place of the former unsettled rights of the parties. In an action on the award, the award itself is conclusive evidence of all matters therein contained, provided the arbitrators have not exceeded the powers delegated to them by the agreement of submission. The courts regard matters submitted as concluded by the award, and in an action thereon they will not review the merits of the arbitrators' findings."

The settlement of disputes by arbitration is encouraged by the courts, and it is the duty of the courts to uphold rather than overthrow them. 3 Cyc. 586, 673, and cases cited; *Toledo S. S. Co. v. Zenith Transp. Co.,* 184 Fed. 391, 106 C. C. A. 501; *Payne v. Crawford,* 97 Ala. 604, 11 South. 725; *Parsons v. Ambos,* 121 Ga. 98, 48 S. E. 696; *Seaton v. Kendall,* 171 Ill. 410, 49 N. E. 561; *McMillan v. James et al.,* 105 Ill. 194; *Leslie v. Leslie,* 50 N. J. Eq. 103, 24 Atl. 319. The award of arbitrators, acting within the scope of their authority, determines the rights of the parties as effectually as a judgment secured by regular legal procedure, and is as binding as a judgment, until it is regularly set aside or its validity questioned in a proper manner. 2 R. C. L., secs. 32, 386, and cases cited. *Wolff v. Shelton's Executors,* 51 Ala. 425.

The record discloses that a real controversy existed between the parties at the time they made their agree-

ment of submission to arbitration, and that the arbitrators considered, settled, and determined all matters in controversy in accordance with the agreement of submission.  The record does not disclose that there was any fraud or mistake in the award, and we therefore conclude that the same is binding, and concluded the rights of the parties, and that the trial court did not commit error in directing the jury to return a verdict in favor of the defendant and entering judgment thereon in accordance with the award.

The judgment of the trial court should therefore be affirmed.

By the Court:  It is so ordered.