(94 South. 745)

## RHODES v. FOLMAR et al. (4 Div. 9.)

(Supreme Court of Alabama. Oct. 26, 1922. Rehearing Denied Dec. 14, 1922.)

**1. Arbitration and award ⊂⊃35—Whether majority of arbitrators is sufficient depends on intention.**

In the absence of express stipulation whether all or only a majority of the appointed arbitrators must agree to make a valid award is a question of intention; but the court cannot supply an intention that less than the whole number may determine a disputed question or fact where such intention does not appear from the agreement, in an award where the arbitration was not under the arbitration statute (Code 1907, § 2908 et seq.), and where the matter being arbitrated is not a subject of public concern.

**2. Arbitration and award ⊂⊃35 — Determination of failure to comply with agreement held to require unanimous action of arbitrators.**

Where agreement pending for arbitration of various matters, provided, as to one matter therein, that "a majority of said arbitrators shall control in making their award," but as another matter, as to forfeiture of a sum deposited as liquidated damages by each party, declared that forfeiture should be by the party failing to comply with the terms of the agreement, "of which the arbitrators shall be the sole judge," *held* that, as to the latter determination, unanimity of judgment of all the arbitrators was required.

**3. Arbitration and award ⊂⊃82(1)—Award is final in absence of fraud.**

An award made pursuant to agreement of submission, whether under Code 1907, § 2908 et seq., or at common law, is final unless the arbitrators are guilty of fraud, partiality, or corruption in making it.

**4. Arbitration and award ⊂⊃86—Award may be pleaded in bar of subsequent suit on same matters.**

An award made pursuant to agreement of submission, whether under Code 1907, § 2908 et seq., or at common law, may, like a judgment or decree of court, be pleaded in bar of a subsequent suit founded on the same claim or demand made the subject of the arbitration agreement, and the award is conclusive, and, like a judgment, operates by way of estoppel on the parties to the relitigating of the controverted matters embraced in and concluded by the agreement for and rendition of the award.

**5. Arbitration and award ⊂⊃86—Dismissal in accordance with arbitration agreement could be pleaded in bar on refiling of suit.**

Where agreement between husband and wife for arbitration of alimony provided that, upon award being made, "suits now pending and rights now obtaining shall be finally disposed of and settled between the parties, and proper judgments or decrees entered," a dismissal after the award by the husband of damage suit against the wife, if in pursuance of such agreement, was conclusive upon the parties, whether the submission and award were under Code 1907, § 2908 et seq., or at common law, and an attempt by the husband at renewal of the identical controversy by refiling the suit shortly after the dismissal was vulnerable to plea in bar setting up the dismissal pursuant to such agreement.

Appeal from Circuit Court, Pike County; A. B. Foster, Judge.

Action by Minnie Rhodes against F. P. Folmar, W. R. Sellers, and Freeman Paul, as arbitrators. From a judgment for defendants, plaintiff appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

W. E. Griffin, of Troy, and Steiner, Crum & Weil, of Montgomery, for appellant.

When the submission with respect to some of the points to be settled expressly states that a majority of the arbitrators shall have power to make an award, it will be taken as intended by the court that this power, though not repeated throughout the submission, extends to all matters in reference upon which the arbitrators cannot agree. 4 U. C. Q. B. 136; 29 Cyc. 1689; Morse on Arbitration, 164. When the submission provides for appointment of two arbitrators, who are to choose a third to act with them, if one of the arbitrators, for any reason, stays away from the meetings, unless it be by fraud on the part of the other arbitrators or the parties, after he has received due notice and has been given an opportunity to attend, the others may decide without him, and their award will be upheld. 2 Am. & Eng. Ency. Law (2d Ed.) 645; 84 Va. 800, 6 S. E. 138; 1 Wash. (U. S.) 1, Fed. Cas. No. 9,166; 51 Ind. 221.

John H. Wilkerson, of Troy, for appellees.

There could be but one award under this arbitration agreement. The award of January 18, 1921, was entire and complete within itself, and final in its nature, and reserved no future authority to the arbitrators. 6 Ala. App. 147, 60 South. 432; 108 Ala. 118, 19 South. 367; 36 Ala. 577; 60 Ala. 153; 5 Corpus Juris, 146. A reasonable construction of the arbitration agreement is that the $1,000 deposited was to secure the performance of the findings of the award, and its forfeiture would not extend to the incidental

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

matters as to which plaintiff claims, showing when the money was to be returned to each party. If the instrument dated June 29, 1921, signed by the two arbitrators, can be considered as an award, it is not the award of alimony authorized by the agreement to be made by a majority, and, not being governed by the majority provision in the agreement, is void under the common-law rule requiring a unanimous finding. 5 Corpus Juris, 96; Morse on Arbitration (1872 Ed.) 162.

THOMAS, J. The suit was for liquidated damages declared to exist by two of the three arbitrators pursuant to agreement. Issue being joined on the plea of the general issue to count 2 of the complaint, and the evidence being heard by the court without a jury, the judgment was for defendants. Among other things, the agreement contained the following provisions:

(1) "It is agreed to submit to three arbitrators the matter of the amount of permanent alimony upon decree of divorce to be paid to said Mrs. Minnie Edge by Dr. O. N. Edge in one sum as final settlement of all claims to alimony by her."

(2) " * * * That each party shall select and name one of such arbitrators, and that these two shall agree upon and select the third arbitrator to act with them, and that a majority of said arbitrators shall control in making their award of alimony."

(5) " * * * That each party shall be bound by the award of said arbitrators in the matter of such alimony according to the rules of law provided."

(6, 7, 8) "It is understood and agreed that all matters of suits, rights of litigation, pending or existing between the parties shall be and remain in statu quo pending this arbitration, and no rights waived or in any wise prejudiced upon a failure of the arbitrators to make an award;" that "upon a final determination of the arbitrators of the question of such alimony and the making of their award, that suits now pending and rights now obtaining shall be finally disposed of and settled between the parties and proper decrees or judgments entered. As soon as each initial arbitrator is appointed, and before he enters upon his duties as such, the party appointing him must turn over to him $1,037.50 to be applied as follows: $25 to be retained by such arbitrator as compensation for his services as such; $12.50 to be paid to the third arbitrator by each initial arbitrator as compensation for the third arbitrator's services as such; $1,000 to be placed to the credit of the three arbitrators in the First National Bank, Troy, Ala.; said $1,000 to be forfeited as liquidated damages to the other party by the party failing to comply with any of the terms of this agreement, of which the arbitrators shall be the sole judge. As soon as the arbitrators agree upon the amount of permanent alimony, one-half of same must at once be turned over to the register in equity at Troy, Ala., to be delivered to Mrs. Minnie Edge under the condition herein named. Thereupon Mrs. Minnie Edge must promptly file her bill for divorce, and, when the case is ready for submission for final decree, the other half of the permanent alimony must thereupon at once be turned over to said register in equity to be delivered to Mrs. Minnie Edge under the condition herein named. Then the case is to be submitted for decree of divorce. When the decree of divorce is signed, said register must at once deliver to Mrs. Edge the permanent alimony, and the arbitrators must return $1,000 to each party. Each party is to pay his own attorney's fees, and no application for attorney's fees must be made in the divorce bill. In case the divorce be denied, all moneys must thereupon at once be returned to the proper parties."

Provisions contained in paragraphs 9, 10, 11, and 12 are:

"In case Dr. Edge should fail to abide by any of the terms of this agreement, he must dismiss his suit now pending in the circuit court of Pike county against Mrs. Edge. In case Mrs. Edge fails to abide by any of the terms of this agreement, she waives all right to the monthly allowance of $50 now paid by Dr. Edge;" that, "before Dr. Edge pays over the second half of the permanent alimony, he must have complied with all previous orders and decrees of the circuit court of Pike county, Ala.; upon the rendering of the decree of divorce, all litigation with which the parties are in any way connected must cease and determine, the arbitration and divorce being considered a final adjudication and settlement of all matters in which the parties are interested directly or indirectly;" that "the attorneys for both parties must request in writing to the trial judge that, in the decree, both parties be allowed the privilege of marrying again, and the decree of divorce shall state the amount of alimony as fixed by the arbitrators."

This agreement is set out in hæc verba in count 2 of the complaint, and the concluding averment of the count is that the three parties named were selected as arbitrators and the money paid to them in accordance with the agreement; that the arbitrators (F. P. Folmar, W. R. Sellers, and Freeman Paul) made their award of permanent alimony; the decree of divorce was enrolled by the judge of the circuit in which the cause for divorce was pending, and in which it was decreed that the agreement in question did not constitute a collusive agreement for divorce, and was not an agreement for divorce; that there was, independent thereof, ample ground on which the decree for divorce was predicated; that "the plaintiff * * * alleges that the $1,000 put up, under the agreement, by O. N. Edge, to be forfeited by him as liquidated damages to the other party to the agreement in case of his failing to comply with any of the terms of the agreement, of which the arbitrators were the sole judge, were forfeited as liquidated damages to the plaintiff, because it was, before the institution of this suit, and is the judgment of the arbitrators, or of a majority thereof, that said O. N. Edge did fail to comply with some of the terms of the agreement, and did forfeit to this plain-

tiff said $1,000, which is * * *· claimed and has not been paid."

The record fails to disclose whether or not the arbitrators were duly sworn before entering upon the discharge of their duty under the written agreement of submission. There was a unanimous award as to alimony as recited by the decree of court entered. The declaration of fact provided for by the contract of submission after the award, as to the $1,000 in question, was by two of the arbitrators, and in the following language:

"In the Matter of the Arbitration Agreement Between O. N. Edge and Minnie Rhodes, Formerly Minnie Edge, Troy, Ala., June 29, 1921. This being the time and place set for the meeting of the arbitrators in the foregoing matter, the following named arbitrators are found to be present: F. P. Folmar, W. R. Sellers. After hearing the facts it is the judgment of the arbitrators in meeting assembled that the said O. N. Edge has forfeited as liquidated damages to the said Minnie Rhodes the $1,000.00 put up by him because he has failed to comply with some of the terms of said arbitration agreement. We prefer, however, that the said $1,000.00 be removed from our control by legal proceedings. [Signed] F. P. Folmar, W. R. Sellers, Arbitrators. [Signed] W. E. Griffin, Plaintiff's Attorney."

And on this trial said two arbitrators confessed judgment for the $1,000. The evidence showed that the other arbitrator (Freeman Paul), though frequently notified, failed to attend the meeting made the subject of the foregoing award as to the $1,000 being liquidated damages and forfeited as such to Minnie Rhodes, formerly Minnie Edge; that after such repeated failure, the two arbitrators, Folmar and Sellers, executed and delivered the foregoing award to Mrs. Edge or her attorney of record. The evidence of Folmar and Sellers further showed that certain of the costs directed by the decree of divorce had not been paid by O. N. Edge, and that he had not dismissed his suit for damages pending at the time of the execution of the arbitration agreement (of date April 21, 1920, and covered by this agreement) and at the time of the making and signing of the attempted declaration of forfeiture (January 3, 1922) by Folmar and Sellers as arbitrators. The rendition of judgment in the instant suit for defendants Folmar, Sellers, and Paul, as arbitrators, against Mrs. Minnie Rhodes, formerly Mrs. Edge, was for the reason, no doubt, that the same was not the unanimous opinion of the declaration of forfeiture of the $1,000 as liquidated damages made by the three arbitrators—that, as to the ascertainment of the question of fact of forfeiture, such declaration by a majority of the arbitrators was not the ascertainment of fact that the $1,000 had been and was forfeited as liquidated damages to Mrs. Edge for the failure on the part of O. N. Edge "to comply with any of the terms of this agreement, of which

the arbitrators shall be the sole judge." That is to say, it was no doubt the opinion of the judge of the circuit court that such an award or declaration of the fact of forfeiture and confession of judgment were required by the terms of the agreement employed by the parties thereto to be rendered and confessed by F. P. Folmar, W. R. Sellers, and Freeman Paul, as arbitrators, and not by two of them.

Arbitration as a means of settling disputes and controversies in this jurisdiction is recognized to exist at common law (Walden v. McKinnon, 157 Ala. 291, 47 South. 874, 22 L. R. A. [N. S.] 716), and provided for by the terms of the statute (Code, § 2908 et seq.), and in which the procedure to be followed in arbitration is prescribed. The statutory arbitration extended advantages unknown to the common law, as giving the award the effect of a verdict of a jury, and permitting a judgment to be entered on it, dispensing with the common-law necessity of a suit. When the reference to arbitrators is made under the statute, the terms of the statute will be read into the agreement, and it will be interpreted in the light thereof. T. C. I. v. Roussell, 155 Ala. 436, 46 South. 866, 130 Am. St. Rep. 56. The first step toward settlement of a controversy by arbitration, whether or not it be litigated, is the making of a valid agreement of submission. The arbitrators must qualify if the arbitration is under the statute. Walden v. McKinnon, supra. Thereafter it becomes the duty of arbitrators, proposing to act as such, to give notice of the time and place of meeting, and, if this is not done, the award is invalid, unless the notice has been waived. T. C. I. v. Roussell, supra. When so waived the proceedings are regular and the award is as valid as though due notice had been given.

[1] In case of a submission to several arbitrators it is a question of intention of the parties to the controversy, to be determined by the exact nature of the terms of the submission, whether all of the arbitrators must agree in order to make a valid award as under the common law, or whether a majority is sufficient, as under the statute. Where it is expressly provided in the agreement that a majority of the arbitrators named may make the award, an award concurred in by a majority is valid and binding. The court, however, cannot supply an intention that less than the whole number appointed may determine a disputed question or fact where such intention does not appear from the agreement, in an award where the arbitration was not under the statute, and where the matter being arbitrated is not a subject of public concern. 2 R. C. L. p. 383, § 29.

[2] The agreement was such that compliance was to be in two separate acts, abiding by the award as to alimony, and compliance as to the other matters covered by the agreement, as to other suits, costs, etc. In para-

graph 2 of the agreement for submission to arbitration it is specifically provided that each shall select and name one of the arbitrators, and the two so selected shall agree upon and select a third arbitrator to act with them; that "a majority of said arbitrators shall control in making their award of alimony." In paragraph 8 it was declared that "said $1,000 to be forfeited as liquidated damages to the other party by the party failing to comply with any of the terms of this agreement, of which the arbitrators shall be the sole judge." It is apparent that the terms of the agreement as to unanimity of judgment of arbitrators was not required by section 2 as to alimony, but, for declaring the $1,000 to be forfeited as liquidated damages by the terms of the agreement for failure of compliance, it was required that "the arbitrators, of which there were three," should be the sole judge. 2 R. C. L. p. 383, § 29.

[3, 4] It may not be out of place to say that, when parties submit questions of fact to arbitrators, and the award is made pursuant to the agreement of submission, such award is final unless the arbitrators are guilty of fraud, partiality, or corruption in making it, and, like a judgment or decree of a court, may be pleaded in bar of a subsequent suit founded on the same claim or demand made the subject of the arbitration agreement and concluded thereby. This is true whether the award is made in arbitration under the statute or at common law. Such award is conclusive, and, like a judgment, operates by way of estoppel on the parties to the relitigating of the controverted matters embraced in and concluded by the agreement for and rendition of the award. Gardner v. Newman, 135 Ala. 522, 33 South. 179.

[5] The record contains the admission that the $5,000 damage suit (meaning that by O. N. Edge against his wife) was dismissed on August 23, 1921, and that Edge again filed suit for the identical sum and cause of action on September 6, 1921. The dismissal of this suit on August 23, 1921, if in compliance with the terms of the submission to arbitration that was consummated in the award of alimony of date January 11th, and which award was recognized and given effect per agreement of the parties in the decree of divorce and alimony of date April 23, 1921, and if within the terms of submission and award, embracing "all matters of suits, rights of litigation pending or existing between the parties," and (provisions of the seventh paragraph of the agreement) that "a final determination by the arbitrators of the question of such alimony and the making of their award, that suits now pending and rights now obtaining shall be finally disposed of and settled between the parties and proper judgments or decrees entered," was conclu-

sive on the parties. After the dismissal of the suit on August 23, 1921, the attempt at renewal of the identical controversy by refiling the suit on September 6, 1921, did not render the last suit impervious to an appropriate plea in bar, as we have indicated. This is true whether the submission and award embracing all the matters in controversy between the parties—"all matters of suits, rights of litigation pending or existing between the parties"—were under the statute or at common law.

The costs in question, if incurred in the former suit for divorce by Edge, were not embraced in the award and decree of the circuit court as indicated, and may not be made the basis of or finding of fact that judgment of $1,000 as liquidated damages be forfeited to Mrs. Rhodes.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.

On Rehearing.

PER CURIAM. The application is overruled.

ANDERSON, C. J., and McCLELLAN, THOMAS, and MILLER, JJ., concur.
SAYRE, SOMERVILLE, and GARDNER, JJ., dissent.