(96 South. 132)

**FOLMAR et al. v. EDGE.** (4 Div. 49.)

(Supreme Court of Alabama. April 19, 1923.)

1. Money received ☞6(6)—Complaint declaring for money received by defendants to use of plaintiff is appropriate to recover funds held by depositaries.

A complaint declaring for money received by defendant to the use of plaintiff is the appropriate form to recover funds held by depositaries, or on proper occasion by trustees or agents, in the nature of a depositary for a special purpose.

2. Money received ☞6(6)—Recovery of money deposited as guaranty of faithful performance of arbitration award held warranted.

Where money has been deposited pursuant to an agreement for arbitration as a guaranty of the parties' faithful performance of the arbitrators' award, and no effective forfeiture has been declared, and more than a reasonable time has elapsed within which it might have been declared, held, that the money so deposited might be recovered in an action for money received to the use of plaintiff.

Appeal from Circuit Court, Pike County; Arthur B. Foster, Judge.

Action by O. N. Edge against F. P. Folmar and others. Judgment for plaintiff, and defendants appeal. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

W. E. Griffin, of Troy, and Steiner, Crum & Weil, of Montgomery, for appellants.

The result of the judgment of the arbitrators could be reached by a majority vote; it was not necessary that the declaration of forfeiture be by unanimous vote. Mason v. Bullock, 6 Ala. App. 148, 60 South. 432; 5 C. J. 40; Byrd v. Odem, 9 Ala. 755; Thiskell v. Strachan, 4 U. C. Q. B. 136.

John H. Wilkerson, of Troy, for appellee.

There being no provision in the contract for the declaration of the forfeiture to be by a majority, it is governed by the common law, and must be by unanimous action., 5 C. J. 75; Morse on Arbitration (1872 Ed.) 162.

McCLELLAN, J. [1] This action was instituted by the appellee against the appellants. The complaint declares for $1,000 re-

ceived by the appellants to the use of the appellee. This form of the action is appropriate to recover funds held by depositaries, or, on proper occasion, by trustees or agents in the nature of depositaries for a special purpose. C. J., pp. 573, 574, also pages 562, 564, 570.

[2] On the 20th day of April, 1920, the plaintiff and his wife executed an agreement for the arbitration of controversies or causes that had arisen between them. The defendants, present' appellants, were selected to serve the purposes of arbitration designed. Under the terms of this agreement the plaintiff, as did his wife, deposited with the then arbitrators $1,000 (and also a small added sum for compensation of the arbitrators), to which the agreement thus refers:

"As soon as each initial arbitrator is appointed, and before he enters upon his duties as such, the party appointing him must turn over to him $1,037.50, to be applied as follows: $25 to be retained by such arbitrator as compensation for his services as such; $12.50 to be paid to the third arbitrator by each initial arbitrator as compensation for the third arbitrator's services as such; $1,000 to be placed to the credit of the three arbitrators in the First National Bank, Troy, Alabama; said $1,000 to be forfeited as liquidated damages to the other party by the party failing to comply with any of the terms of this agreement, of which the arbitrators shall be the sole judge. When the decree of divorce is signed, said register must at once deliver to Mrs. Edge the permanent alimony, and the arbitrators must return $1,000 to each party."

After declaring their unanimous judgment upon the submitted matter of alimony, two only of the arbitrators subsequently ascertained that this appellee had not complied with the agreement for arbitration, and thereupon declared a forfeiture of the $1,000 so deposited by this appellee. Mrs. Rhodes (formerly Mrs. Edge) subsequently sued the arbitrators to recover the sum so declared forfeited to her; and she was denied judgment. On her appeal, the judgment for defendants (appellees here) was affirmed. Rhodes v. Folmar, 208 Ala. 595, 94 South. 745.

After exhaustive consideration on Mrs. Rhodes' appeal it was decided that the ascertainment of the fact of failure of a party to comply with the agreement for arbitration, as stipulated therein, could only be effectively accomplished by the unanimous judgment of the three persons constituting the board of arbitrators; and that the essential condition to the imposition of the forfeiture contemplated by the agreement could not be afforded by the judgment of but two of the arbitrators.

The court remains convinced of the correctness of the conclusion, in this particular, attained in Rhodes v. Folmar, supra,

No effective forfeiture of the $1,000 deposited by this plaintiff having been accomplished under the terms of the agreement, and more than a reasonable time having since elapsed within which the three persons might ascertain the intervention of the condition precedent to the imposition of the forfeiture of the sum, plaintiff seeks by this action to recover. The plaintiff was entitled to recover of these special depositaries, the defendants, the sum, or its equivalent, so deposited for the particular purpose stipulated in the agreement. There being no further authority or right in the depositaries to retain this fund, so deposited, for the special purposes stipulated in the agreement, the depositor was entitled to have the equivalent of the deposit restored to him.

So the trial court correctly adjudged upon the evidence; and its judgment is therefore affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.